**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 01-11279
Summary Calendar

RAFAEL CASTRO,

Petitioner-

Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-

Appellee.

--------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CV-1035-G
--------------------------------------------------------
June 26, 2002

Before JOLLY, DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

Rafael Castro, federal prisoner # 60649-079, has appealed the district court's denial of his 28 U.S.C. § 2241 petition. He argues that the district court erred in construing his 28 U.S.C. § 2241 petition as a 28 U.S.C. § 2255 motion. He argues that in view of Apprendi v. New Jersey, 530 U.S. 466 (2000), the indictment was defective because it did not allege a specific drug quantity and, therefore, it did not charge an offense. Because he is challenging his federal conviction and sentence, the district court did not err in construing the petition as a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

28 U.S.C. § 2255 motion. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). Castro did not obtain this court's authorization to file a successive 28 U.S.C. § 2255 motion, and therefore, the district court did not have jurisdiction to consider it. See United States v. Key, 205 F.3d 773, 775 (5th Cir. 2000).

Castro has not shown that the district court erred in determining that Castro did not establish that he is entitled to bring these claims under the savings clause of 28 U.S.C. § 2255. The indictment which alleges a drug-quantity range rather than a specific drug quantity was sufficient to satisfy the requirements of Apprendi. See United States v. DeLeon, 247 F.3d 593, 597 (5th Cir. 2001)(direct appeal). The district court instructed the jury that Castro was charged "with conspiracy to possess with intent to distribute and to distribute a Schedule II controlled substance, that is, in excess of five (5) kilograms of a mixture and substance containing a detectable amount of cocaine." The district court also instructed the jury that it must find that two or more persons made a agreement to violate the narcotics laws **as charged in the indictment.** On direct appeal, this court has held that a district court's failure to instruct the jury to find a specific amount of drugs was harmless error in cases in which a review of the record showed that the defendant was involved in a drug offense involving at least the amount of drugs specifically charged in the indictment. United States v. Virgen-Moreno, 265 F.3d 276, 298 (5th Cir. 2001), cert. denied, 122 S. Ct. 843 (2002); United States v. Green, 246 F.3d 433, 437 (5th Cir.), cert. denied, 122 S. Ct. 280 (2001). Castro does not argue or show that there is any evidence in the record that could rationally lead a jury to a conclusion contrary to the charge that Castro was involved in an offense involving at least the amount of drugs specifically charged in the indictment. Therefore, the district court's judgment is AFFIRMED. The Government's motion to supplement the record is GRANTED. Castro's motion for permission to file an out-of-time reply brief is GRANTED.