**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 00-20795

---

UNITED STATES OF AMERICA,

                                   Plaintiff - Appellee,

VERSUS

ANTHONY MORECI,

                                   Defendant - Appellant.

---

Appeal from the United States District Court
For the Southern District of Texas

---

February 13, 2002

Before JONES, WIENER, and PARKER, Circuit Judges

ROBERT M. PARKER, Circuit Judge:

Appellant appeals his sentence and the length of time ordered by the district court for his supervised release. We affirm with one modification.

## I.  BACKGROUND.

Anthony Moreci was indicted in a two-count indictment along with four codefendants for possession with intent to distribute "more than 50 kilograms" of marijuana (Count One) and for

1

conspiracy to possess with intent to distribute "more than 50 kilograms" of marijuana (Count Two). Moreci pleaded guilty to both counts of the indictment without a written plea agreement.

According to the district probation department's Presentence Report ("PSR"), special agents of the DEA investigating drug trafficking activity between Houston, Texas, and New Orleans, Louisiana, observed a black Saturn, driven by codefendant Ismael Garcia Ramirez, stop at a Texaco station and meet with codefendants Kelly Landry, Rafael Ochoa-Perez, and Raul Flores, who were driving a red Chevrolet Tahoe. Landry, who owned the Saturn, then followed the Tahoe in that vehicle to a Fiesta Food Store, where the group met with Moreci, who was driving a blue Dodge Neon in which his girlfriend and codefendant Erin Williams was also seated. The Saturn and the Neon then departed east on Interstate 10, where DEA agents stopped both vehicles. Landry gave written consent to search the Saturn, and DEA agents discovered 149.2 pounds of marijuana.

Landry, Williams, and Moreci subsequently provided statements to the agents describing their drug trafficking between Houston and New Orleans. Moreci recruited Landry to drive from New Orleans to Houston to pick up the marijuana from some "Mexicans." Landry, Williams, and Moreci each described how the three traveled to Houston and met with Ramirez, Ochoa-Perez, and Flores, and they explained the process by which they waited while the "Mexicans" loaded Landry's car with the marijuana before they departed for the

return trip to New Orleans.

Williams and Landry also gave statements describing two prior trips to Houston for the purpose of obtaining marijuana. On one of these trips, Moreci and Williams drove to Houston with a friend of Williams's named Michelle and picked up approximately 50 pounds of marijuana. The second trip occurred a few days later when Moreci, Williams, and Landry obtained another 46 pounds of marijuana for transportation to New Orleans.

The PSR determined that Moreci should be held accountable for a total of 245.2 pounds (111.2 kilograms) of marijuana, which included the 149.2 pounds seized by the DEA from Landry's car and the two previous loads of 50 and 46 pounds described by Landry and Williams. The PSR calculated Moreci's total offense level as 26, his criminal history score as II, and his guideline range as 70 to 87 months. Moreci filed an objection to the PSR, arguing that he should be accountable only for the amount of drugs actually seized by the DEA, or 149.2 pounds, because the description of the other loads by Landry and Williams were self-serving statements designed to cast more blame on him. The district court overruled the objection. The court sentenced Moreci to 70 months in prison, 5 years of supervised release, and a $7,500 fine, and ordered Moreci to pay a $200 special assessment. Moreci filed a timely notice of appeal.

Counsel appointed to represent Moreci filed a motion to

withdraw with a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Moreci filed a response to the *Anders* brief in which he moved this court for permission to file a *pro se* brief. We denied counsel's motion to withdraw and ordered briefing on the issue of whether Moreci's sentence of imprisonment and term of supervised release are improper in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Counsel was directed to address whether 21 U.S.C. § 841(b)(1)(C) sufficiently provides the statutory maximum for Moreci's offense to avoid an *Apprendi* sentencing error, given the amount of marijuana alleged in the indictment and whether the district court erred in imposing a five-year term of supervised release.

## II.  STANDARD OF REVIEW.

In general, we "examine the sentence to ascertain if it was imposed in violation of law, as a result of a misapplication of the sentencing guidelines, or if it was outside of the guideline range and was unreasonable." *United States v. Fair*, 979 F.2d 1037, 1040 (5th Cir. 1992). Because Moreci raises his *Apprendi* argument for the first time on appeal, this court reviews the issue for plain error. *See United States v. Miranda*, 248 F.3d 434, 443 (5th Cir.), *cert. denied*, ___ U.S. ___, 122 S. Ct. 410 (2001); *United States v. DeLeon*, 247 F.3d 593, 597 (5th Cir. 2001). Plain error is defined as "(1) an error; (2) that is clear or plain; (3) that affects the defendant's substantial rights; and (4) that seriously affects the

4

fairness, integrity or public reputation of judicial proceedings."
*United States v. Vasquez*, 216 F.3d 456, 459 (5th Cir.), *cert. denied*, 531 U.S. 972 (2000).

Inasmuch as Moreci's claim may be viewed as a challenge to the sufficiency of the indictment itself, we review such a challenge *de novo*. *United States v. Cabrera-Teran*, 168 F.3d 141, 144 (5th Cir. 1999). An indictment's failure to charge an offense constitutes a jurisdictional defect. A defendant may at any time raise an objection to the indictment based on failure to charge an offense, and the defect is not waived by a guilty plea. If an objection is raised for the first time on appeal and the appellant does not assert prejudice, the indictment is to be read with maximum liberality and found sufficient unless it is so defective that by any reasonable construction, it fails to charge the offense for which the defendant is convicted. *Id.* (citations omitted). Here, an insufficiency in the indictment relating to the quantity of drugs alleged could lead to an *Apprendi* sentencing error if the sentence exceeded the statutory maximums supported by the charges as worded.

### III. ANALYSIS.

The issue here is whether the identification of "over 50 kilograms" without an explicit upper range quantity in Moreci's indictment sufficiently alleges a drug quantity so as to avoid an *Apprendi* error.

5

Under *Apprendi*, "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490; *United States v. Doggett*, 230 F.3d 160, 162 (5th Cir. 2000). We have held that for the purposes of § 841(b)(1), the quantity of drugs is such a fact. *Id*. Where drug quantity is not stated in an indictment, and therefore not charged to a jury, the statutory maximum sentence to which a defendant can be sentenced is that listed under 21 U.S.C. § 841(b)(1)(D) (e.g., five years' imprisonment for a defendant not convicted of a prior felony drug offense). *See United States v. Garcia*, 242 F.3d 593, 599-600 (5th Cir. 2001). Here, Moreci pleaded guilty to both counts of the indictment and no jury trial was required.

We begin by examining the language of the indictment dated March 27, 2000. As to Count One, the government alleged that,

> [Moreci] did unlawfully, knowingly and intentionally possess with the intent to distribute more than 50 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.
> In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

> As to Count Two, the government alleged that,

> [Moreci and his co-defendants] did unlawfully, knowingly and intentionally, combine, conspire, confederate and agree together with others unknown to the Grand Jury, to possess with intent to distribute more than 50 kilograms of a mixture and substance containing a detectable amount

6

> of marijuana, a Schedule I Controlled Substance.
> In violation of Title 21, United States Code, Section
> 841(a)(1), 841(b)(1)(C) and Title 21, United States Code,
> Section 846.

Therefore, in each count, the government charged Moreci with possessing or conspiring to possess "more than 50 kilograms" of a marijuana mixture and identified 21 U.S.C. § 841(b)(1)(C) as the statute governing the permissible range of punitive enhancements. The question is, whether this is sufficient to inform a defendant of the specific charges made against him, including the quantity of drugs alleged for the purpose of sentencing enhancements and what those enhancements may be, in satisfaction of *Apprendi*. This is an issue of first impression in this circuit.

Although the failure to cite any quantity of drugs in an indictment imposes the default penalty of § 841(b)(1)(D) under *Apprendi*, we have held that *Apprendi* is satisfied when an indictment alleges a range of drug quantity rather than a specific amount. *See DeLeon*, 247 F.3d at 597. In *DeLeon*, the indictment alleged that the defendant possessed "'more than 100 kilograms, but less than 1000 kilograms'" of marijuana. *Id.* Moreci correctly notes that *DeLeon* is distinguishable to a degree from his case in that the range included an explicit upper limit. That indictment also cited § 841(b)(1)(B) as the statutory maximum penalty enhancement corresponding to the range of more than 100 kilograms, but less than the 1000 kilograms that would implicate a penalty under § 841(b)(1)(A). Moreci argues that the defendant in that

7

case knew his statutory maximum sentence from the beginning. He asserts that the wording of the indictment herein only establishes the lower boundary and could implicate a penalty enhancement under any of §§ 841(b)(1)(A)-(C). Therefore, he argues, he could not have known the maximum penalty when he pleaded guilty and that the default penalty of § 841(b)(1)(D) must apply. We disagree.

In pertinent part, § 841(b)(1)(C) establishes that "[i]n the case of a controlled substance in schedule I or II . . . except as provided in subparagraphs (A), (B), and (D), such person shall be sentenced to a term of imprisonment of not more than 20 years . . . ." Marijuana is a Schedule I Controlled Substance. Section 841(b)(1)(A) explicitly governs possession with intent to distribute 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, with a term of imprisonment which is not less than 10 years nor more than life. Section 841(b)(1)(B) explicitly governs the same for amounts of 100 kilograms or more of marijuana, with a term of imprisonment which is not less than five years and not more than 40 years. Section 841(b)(1)(D) explicitly governs the same for amounts of less than 50 kilograms marijuana, with a term of imprisonment which is not more than five years. Additional term enhancements are available for individuals convicted of a prior felony drug charge. In these terms, the specific applicability of each subparagraph of the statute to a determined quantity of drugs is established.

Moreci argues that an indictment which does not specify an

amount of drugs cannot serve as the basis for enhancing a sentence even if it references an enhanced penalty statute. *United States v. Vasquez-Samora*, 253 F.3d 211, 214 (5th Cir. 2001). In *Vasquez-Samora*, the indictment merely referenced § 841(b)(1)(B) as a sentence-enhancing statute, without any statement of fact to justify its citation. We held such an indictment insufficient in part because of the failure to specifically state a quantity of drugs and remanded for sentencing pursuant to the "default" enhancement statute, § 841(b)(1)(D). The indictment in this case, however, did not fail to state a quantity of drugs. The quantity it stated was "more than 50 kilograms." Therefore, § 841(b)(1)(D) explicitly does not apply to Moreci's case because that section only applies to amounts of marijuana less than 50 kilograms. Having made that hurdle, by its language, § 841(b)(1)(C) governs amounts of marijuana, *except* those specified in §§ 841(b)(1)(A) (over 1000 kilograms), (B) (over 100 kilograms), and (D) (less than 50 kilograms). The indictment against Moreci cites *only* § 841(b)(1)(C) as the *sole* basis for establishing the appropriate penalty.

It is true that the statute on which an indictment is founded is to be determined from the facts charged in the indictment, and the facts pleaded may bring the offense within a different statute from that referred to in the indictment. *United States v. Kennington*, 650 F.2d 544, 546 (5th Cir. 1981) (noting that an

express charge of conspiracy under 21 U.S.C. § 841(a)(1) in the body of the indictment was correctly invoked by the facts of the indictment and put the defendant on notice of the charge even though an incorrect statute had been referenced in the caption of the indictment). Even so, a defect in the facts cited in an indictment may be cured by reading the indictment with maximum liberality. *United States v. Fitzgerald*, 89 F.3d 218, 222 (5th Cir. 1996) (reference in caption of indictment to quantity of drugs cured a failure to state the quantity in the body of the indictment).

We need not read the indictment in this case with maximum liberality to find it difficult to imagine how a defendant could construe its language as meaning other than that he has been indicted for possession with intent to distribute (with the attendant conspiracy charge) an amount of more than 50 kilograms but less than 100 kilograms, an amount excluded from the language of § 841(b)(1)(C). There is no assertion that the government cited § 841(b)(1)(C) in error. That statute is not inclusive of penalties in §§ 841(b)(1)(A) and (B); it is exclusive of them. Just as the facts of the case in *Kennington* demonstrated that the statute in the body of the indictment was the correct one, we hold that a charge of "more than 50 kilograms" takes an indictment out of the "default" statute of § 841(b)(1)(D), into § 841(b)(1)(C), and, without more, operates to exclude the penalties of §§

841(b)(1)(A) and (B).

In an abundance of caution following the *Apprendi* decision and then-unsettled case law of this circuit, the district judge did conduct a rearraignment establishing that the full quantity of drugs for which Moreci could be held responsible according to the PSR was 111.2 kilograms, including the amounts attributed to him in prior endeavors during which he was not caught. Moreci acknowledged responsibility for that amount. However, *because* the Grand Jury in this case cited § 841(b)(1)(C), the maximum 20 year penalty for "more than 50 kilograms" applied even though Moreci's acknowledgment of responsibility for 111.2 kilograms of marijuana would otherwise have made him eligible for the higher penalties of § 841(b)(1)(B). Moreci was informed of the maximum 20 year penalty on several occasions.

Having acknowledged responsibility, Moreci pleaded guilty to both counts of the indictment, which obviated a jury's determination of the quantity of the drugs. As we have noted, a guilty plea will not waive a defect in an indictment. *Cabrera-Teran*, 168 F.3d at 144. We have found no defect in the indictment herein and find that it would support a charge to a jury sufficient to satisfy *Apprendi*.

Having established that the indictment was not infirm, we look to the actual sentence the district court imposed. The court sentenced Moreci to 70 months in prison, 5 years of supervised

11

release, and a $7,500 fine. Seventy months, or five and eight-tenths years, is within the maximum 20 years' imprisonment allowed under § 841(b)(1)(C). The fine of $7,500 is also within the maximum of $1,000,000 allowed under the same statute. Because Moreci's term of imprisonment does not exceed the statutory maximum permitted by § 841(b)(1)(C), *Apprendi* does not affect his sentence. *See Doggett*, 230 F.3d at 165.

There is an error in the term of supervised release. The district court orally sentenced Moreci to 5 years of supervised release. The written judgment provides for only a three-year term of supervised release. When there is a conflict between a written sentence and an oral pronouncement, the oral pronouncement controls. If, however, there is merely an ambiguity between the two, the entire record must be reviewed to determine the intent of the court. *See United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001). The difference in the term of supervised release reflected here is a conflict, not an ambiguity. Therefore, to the extent that his oral and written sentences conflict, Moreci faces a five-year term of supervised release. *Id.*

Section 841(b)(1)(C) provides that the term of supervised release shall be "at least 3 years." Regardless, Moreci's offense is a Class C felony for which supervised release may not exceed 3 years. *See* § 841(b)(1)(C)(providing a maximum penalty of 20 years' imprisonment); 18 U.S.C. § 3559(a)(3) (classifying an offense as a

12

Class C felony if the maximum term of imprisonment is less than 25 years but more than 10 years); 18 U.S.C. § 3583(b)(2)(limiting term of supervised release for class C felonies to "not more than three years"). *See also Doggett*, 230 F.3d at 165 n.2 ("[s]ince the elements found by the jury satisfied only a conviction under § 841(b)(1)(C), a Class C felony, [the defendant's] term of supervised release could not exceed three years"). Therefore, the sentence of five years' supervised release is plain error. We correct plain error only if that error seriously affects the fairness of judicial proceedings and if correcting it would result in a significantly reduced sentence for the defendant. *Vasquez-Zamora*, 253 F.3d at 214. A difference of two years of supervised release meets those criteria. Accordingly, we modify Moreci's supervised release to the statutorily mandated three-year term. *Doggett*, 230 F.3d at 165 n.2 (modifying defendant's five-year term of supervised release after conviction for a Class C felony to the statutorily mandated three-year term).

## IV.  CONCLUSION.

For the reasons stated herein, Moreci's sentence is AFFIRMED and his term of supervised release is AFFIRMED AS MODIFIED.

13