UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11062
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CR-257-18-G
_____

July 1, 2002

Before REYNALDO G. GARZA, SMITH, and PARKER, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

Oscar Rodriguez was originally sentenced to a 262-month prison term for drug-trafficking

conspiracy and a concurrent 240-month term for distribution, as well as concurrent terms of five

and three-years' supervised release. On direct appeal, these convictions were affirmed, but we

found that Rodriguez's criminal history should be Category I rather than Category II and

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

remanded the cause for re-sentencing.  Rodriguez's sentencing range as determined using a Category II criminal history was from 262 to 327 months; with a Category I criminal history the sentence could range from 235 to 293 months.

Rodriguez asserts that the district court abused its discretion by denying his *pro se* motion to replace his court-appointed counsel.  Rodriguez fails to brief this claim, however, and has thus effectively abandoned it.  *See Al-Ra'id v. Ingle*, 69 F.3d 28, 33 (5th Cir. 1995).  This court may still exercise jurisdiction over Rodriguez's unbriefed claim, if there is a possibility of a grave injustice or if substantial public interests are involved.  *See United States v. Miranda*, 248 F.3d 434, 443-44 (5th Cir. 2001).  Here, however, Rodriguez's 260-month sentence (the same as he initially received) was a standard guideline sentence that roughly split the lower and upper limits for a Category I criminal history.  Thus, this court need not consider this unbriefed issue.

Rodriguez also asserts that the district court abused its discretion by not granting his *pro se* motion to dismiss the indictment and by not conducting a hearing a hearing to determine the court's jurisdiction to resentence him.  The court did, however, address its jurisdiction over Rodriguez at the re-sentencing hearing.  Though this court reviews the sufficiency of an indictment *de novo*, *United States v. Moreci*, 283 F.3d 293, 296 (5th Cir. 2002), Rodriguez fails to present an argument on this claim as well.  It, too, is effectively abandoned.  *See Al-Ra'id*, 69 F.3d at 33.

AFFIRMED.