IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-11410

Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GLEN EDWARD JACKSON,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Northern District of Texas

---

(3:01-CR-56-1-R)
August 5, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Glen Edward Jackson appeals his conviction for possessing a firearm as a convicted felon and his sentence as an armed career criminal. We affirm.

Jackson contends that his prior state conviction for burglary of a building should not have been counted as a "crime of violence" under the career offender provisions of U.S.S.G. 4B1.2(a). However

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jackson was actually sentenced as an armed career criminal under U.S.S.G. 4B1.4 and U.S.S.G. § 924(e). Under these provisions, the burglary of a building is a "crime of violence."[1]

Jackson contends that the district court violated the Ex Post Facto Clause by counting his Texas conviction of possessing a short-barreled shotgun as a prior conviction of a "crime of violence" under the career offender provisions of U.S.S.G. § 4B1.2(a). Once again, because Jackson was not sentenced as a 4B1.2(a) career offender, this contention lacks merit.

Jackson also argues that the district court erred in permitting witnesses to testify that he was arrested in a "high crime" area. Because Jackson did not object to the admission of this testimony below, we review only for plain error.[2] A plain error is an error that is clear or plain, affects the defendant's substantial rights, and that seriously affects the fairness, integrity or public reputation of judicial proceedings.[3] The government states that it offered this testimony simply to provide preliminary background information regarding why the arresting officers acted as they did, rather than to suggest anything about Jackson. Although its relevance is marginal, the admission of this testimony did not affect Jackson's substantial rights, given the substantial evidence of his guilt. It does not rise to the level of

---

[1] *Taylor v. United States*, 495 U.S. 575, 599 (1990).

[2] *United States v. Moreci*, 283 F.3d 293, 296 (5th Cir. 2002).

[3] *Id.*

plain error.

Johnson contends that the district court erred by permitting the prosecution to cross-examine his mother about his prior firearm convictions after she testified that he "never did mess with guns." Extrinsic evidence, including prior convictions, is admissible under the general standards of Rules 402 and 403 to contradict specific testimony, as long as the evidence is relevant and its probative value is not substantially outweighed by the danger of unfair prejudice.[4] The district court did not abuse its discretion by permitting the rebuttal of specific evidence that would have otherwise misled the jury.

Jackson also argues that the district court erred by not permitting him to introduce evidence that a defense witness who had been arrested at the same time and place as Jackson had been acquitted of possessing marijuana. This argument is without merit.[5]

Johnson also contests the sufficiency of the evidence supporting his conviction. We review the evidence in the light most favorable to the government, and draw all reasonable inferences in favor of the jury's verdict.[6] Johnson argues that the central issue in this case came down to a question of witness credibility, but of course credibility determinations are the sole province of the jury

---

[4] *United States v. Lopez*, 979 F.2d 1024, 1034 (5th Cir. 1992).

[5] *United States v. De La Rosa*, 171 F.3d 215, 219-20 (5th Cir. 1999).

[6] *United States v. Rodriguez*, 278 F.3d 486, 490 (5th Cir. 2002).

and we will not second-guess their judgment here.[7] Insofar as Johnson argues that the jury's judgment was colored by evidentiary rulings that he has challenged on appeal, his claim is without merit.

AFFIRMED.

---

[7] *United States v. Morales*, 272 F.3d 284, 287 (5th Cir. 2001).