IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31286
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LARRY WILLIAMS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 01-CR-139-ALL-B
--------------------
January 29, 2003

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Larry Williams appeals following his guilty plea conviction and sentence on one count of possession with intent to distribute 50 grams or more of cocaine base. 21 U.S.C. § 841. Williams has moved to file a "supplemental brief." Williams' motion, which we construe as a motion to exceed the page limits, is GRANTED.

Williams argues that his rights under the Fourth, Fifth, and Sixth Amendments were violated and also contends that his

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

confession was obtained in violation of <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966). A voluntary guilty plea waives all non-jurisdictional defects in the proceedings against the defendant. <u>See</u> <u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973); <u>United States v. Smallwood</u>, 920 F.2d 1231, 1240 (5th Cir. 1991). Williams has not asserted a non-jurisdictional defect nor has he challenged the voluntariness of his guilty plea. His constitutional and <u>Miranda</u> arguments are therefore waived.

Williams also contends that his indictment is insufficient under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), because it fails to allege drug quantity and "type of weapon." He argues that the alleged omissions are jurisdictional errors which deprived the district court of authority to try and convict him.

Defects in the indictment do not deprive a court of jurisdiction. <u>See</u> <u>United States v. Cotton</u>, 535 U.S. 625, 122 S. Ct. 1781, 1785 (2002). Moreover, Williams has not shown that his indictment was defective under <u>Apprendi</u> for failing to charge a specific drug quantity or type of weapon. The indictment's allegation of 50 grams or more of cocaine base was sufficient. <u>See</u> <u>United States v. Moreci</u>, 283 F.3d 293, 297-99 (5th Cir. 2002) (an indictment's allegation of a minimum quantity of drugs, rather than a specific quantity, satisfies <u>Apprendi</u>). Williams' argument regarding the indictment's failure to allege "type of weapon" is frivolous as 21 U.S.C. § 841 is a drug statute and does not concern weapons.

Williams also submits that the district court erred in adding two points to his offense level under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon during the offense. As part of his plea agreement Williams waived his right to appeal his sentence unless it was in excess of the statutory maximum or constituted an upward departure. Because the record shows that Williams' appeal waiver was valid, see United States v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994), and his sentence does not fit within the exceptions to the waiver provision, the portion of Williams's appeal relating to his sentence is DISMISSED. See United States v. Martinez, 263 F.3d 436, 438 (5th Cir. 2001).

AFFIRMED IN PART AND DISMISSED IN PART; MOTION GRANTED.