**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 16 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ADAM GRABEL GUZMAN,

Defendant - Appellant.

No. 02-3266
(D.C. No. 00-CR-40126-01-RDR)
(D. Kansas)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **MURPHY** and **O'BRIEN,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Adam Grabel Guzman attempts to appeal his sentence for conspiracy to distribute a controlled substance. We hold he has waived his right to appeal.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Guzman pled guilty to Count 1 of a superseding indictment charging him with conspiracy to distribute *500 grams or more* of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), and 18 U.S.C. § 2. Mr Guzman's plea agreement provided as follows:

> 3. Defendant freely, voluntarily, knowingly and intelligently waives any right to appeal or collaterally attack any matter in connection with this prosecution and sentence.
>
> A. The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal any sentence within the guideline range applicable to the statute of conviction as determined by the court after resolution of any objections by either party to the presentence report to be prepared in this case, and the defendant specifically agrees not to appeal the determination of the court in resolving any contested sentencing factor. In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, that the court may depart upwards from the applicable sentencing guideline range as determined by the court.

Aple. Supp. App. at 10. The prosecutor pointed out this waiver to the court. Aplt. App. at 116. The court confirmed with Mr. Guzman that he understood the potential sentence he might receive and that by entering the plea agreement, he waived his right to appeal. Aplt. App. at 117-18, 122-23.

A defendant's knowing and voluntary waiver of the statutory right to appeal

-2-

his sentence is generally enforceable. *United States v. Fortier*, 180 F.3d 1217, 1223 (10th Cir. 1999). There are limited exceptions to this general rule. Of course, if the defendant's waiver was involuntary or unknowing, the waiver will not be enforced. Furthermore, where the court relied on an impermissible factor or where the agreement is otherwise unlawful, the waiver will not be enforced. *See United States v. Cockerham*, 237 F.3d 1179, 1182 (10th Cir. 2001), *cert. denied by* 534 U.S. 1085 (2002). Finally, where the sentence exceeds the statutory maximum or was entered into with ineffective assistance of counsel, the waiver will not be enforced. *See id.*

Nothing in this record suggests that Mr. Guzman's waiver was either involuntary or unknowing.[1] There is nothing in the transcript to suggest that the sentencing court relied on impermissible factors. The sentence imposed of 324 months was at the very bottom of the applicable guideline range. There was no upward departure. The sentence was within the statutory maximum for the offense of conviction.

Nonetheless, Mr. Guzman argues that the sentence was unlawful because it was imposed with reference to the wrong section of the statute. He contends the charge to which he pled guilty did not state the upper limit of the drug quantity,

_____

[1]We admonish defense counsel for violating 10th Cir. R. 28.2(A)(2) by failing to attach to his brief a copy of the district court's written order ruling on the objections raised at the sentencing hearing.

thereby limiting the sentence to a maximum of twenty years, under 21 U.S.C. § 841(b)(1)(C). His argument is based on a Fifth Circuit case which he maintains requires that the upper range of the drug quantity be explicitly listed in the indictment. *See United States v. Moreci*, 283 F.3d 293 (5th Cir. 2002). We agree with the government that *Moreci* actually supports the government's position, rather than defendant's. The *Moreci* court in fact *rejected* the defendant's argument that he could not have known the maximum penalty when he pled guilty and that the default penalty must therefore be applied. *See id.* at 299. The Tenth Circuit cases Mr. Guzman cites simply do not support his argument.

It is true that a sentencing court may not impose a sentence in excess of the maximum set forth in 841(b)(1)(C) unless the benchmark quantity is alleged in the indictment. *See United States v. Jones*, 235 F.3d 1231, 1236-37 (10th Cir. 2000). Here, however, the benchmark quantity of 500 grams *was* specifically included in the indictment. Furthermore, the indictment specifies the appropriate statute and penalty, 21 U.S.C. 841(b)(1)(A), with which Mr. Guzman was charged. Mr. Guzman pled guilty to Count 1 of the indictment with full knowledge (from the citation to the statute in the indictment) of the applicable penalty of ten years to life imprisonment. The sentence he received did not exceed that range. Mr. Guzman's argument that his waiver cannot be enforced because the sentence was illegal is without merit.

Accordingly, we **DISMISS** the appeal.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge