IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-50576
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

FERNANDO ZUBURI-MARTINEZ,
also known as Fernando Zubiri

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-2332-ALL

Before GARWOOD, WIENER and GARZA, Circuit Judges.

PER CURIAM:[*]

Fernando Zuburi-Martinez (Zuburi) was convicted of illegal reentry after deportation and in April 2007 was sentenced to 18 months of imprisonment and one year of supervised release.

Zuburi argues that the district court erred in failing to provide him with notice before imposing his sentence, which was above the guidelines range. This

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

issue was not raised below and is hence reviewed only for plain error. See United States v. Mejia-Huerta, 480 F.3d 713, 720 (5th Cir. 2007), petition for cert. filed (April 18, 2007) (No. 06-1381). In light of Mejia-Huerta, even if there were error in this respect, any such error is not plain, clear or obvious. See id. at 722-23.

We reject appellant's contention that Rita v. United States, 127 S.Ct. 2456 (2007), in effect overruled Mejia-Huerta. No such or similar issue was before the Court or presented by the facts of that case and the Court did not expressly advert to that issue or to the holding in this respect in Mejia-Huerta or to the circuit split on that issue or to any of the decisions reflecting such split.[1]

We also note that the parties are in agreement, and the district court's remarks at sentencing unambiguously reflect, that the district court first correctly determined the guideline range and then expressly determined to sentence appellant outside of that range based on the 18 U.S.C. § 3553(a) factors, and did not make a guidelines departure. While the written statement of reasons is suggestive of a guidelines departure, the oral pronouncement controls. United States v. Moreci, 283 F.3d 293, 299-300 (5th Cir. 2002).

Zuburi also argues that his above-guidelines sentence is unreasonable. The district court provided a detailed justification for the above-guidelines sentence that was based on Zuburi's recent, escalating criminal history. Accordingly, Zuburi's 18-month sentence was reasonable. See Gall v. United States, 128 S.Ct. 586, 596-601 (2007).

AFFIRMED.

---

[1] The Supreme Court did recently grant certiorari in United States v. Irizarry, 458 F.3d 1208, 1212 (11th Cir. 2006) (holding no notice required before imposing above guidelines sentence), cert. granted, 128 S.Ct. 828 (Jan. 4, 2008). Nevertheless, Mejia-Huerta remains the law of this circuit. See, e.g., United States v. Short, 181 F.3d 620, 624 (5th Cir. 1999).