# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 3, 2011

Lyle W. Cayce
Clerk

No. 11-30022
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR BARRAGAN-ESPINO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:08-CR-121-1

Before SMITH, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Hector Barragan-Espino (Barragan) appeals from the three-year term of supervised release imposed by the district court in addition to his 24-month prison sentence following his conviction for illegal reentry. He does not contest the concurrent 300-month term of imprisonment and eight-year term of supervised release imposed as a result of his conviction of possession with intent to distribute a substance containing methamphetamine.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30022

Although Barragan contends that we should review under a de novo standard, his failure to object in the district court warrants plain error review. *United States v. Williams,* 602 F.3d 313, 318-19 (5th Cir.), *cert. denied*, 131 S. Ct. 597 (2010). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court may correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

As the government concedes, the district court committed error that is clear or obvious because the maximum term of supervised release applicable to Barragan's 8 U.S.C. § 1326(a) conviction is one year. *See* 18 U.S.C. §§ 3581(b)(5) and 3583(b)(3). Although the government argues that Barragan fails to show that his substantial rights have been violated or that the error affected the fairness of the proceedings, we have taken "a generally permissive approach to both the prejudice and fairness prongs of plain error review." *Williams*, 602 F.3d at 319 (internal quotation marks and citation omitted). This court on several occasions has held that a sentence which exceeds the statutory maximum constitutes plain error, and we reach the same conclusion here. *See Williams*, 602 F.3d at 319-20; *United States v. Rojas-Luna*, 522 F.3d 502, 506-07 (5th Cir. 2008); *United States v. Moreci*, 283 F.3d 293, 300 (5th Cir. 2002).

Because Barragan faces a greater concurrent term of supervised release on his drug conviction such that a modification does not affect the overall terms of his supervised release, we MODIFY Barragan's sentence on his § 1326(a) conviction to reflect a one-year term of supervised release and AFFIRM his sentence as modified.