# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41302
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MARIO ALBERTO NETRO-PERALES,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-368-1

Before GRAVES, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Mario Alberto Netro-Perales pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(1). The district court sentenced him to twenty-seven months' imprisonment, followed by a three-year term of supervised release. At sentencing the district court orally pronounced two special conditions: that Netro-Perales (1) "is not to re-enter the United States illegally"

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41302

and (2) "if in the United States . . . shall not drink alcoholic beverages without the permission of the probation office." The written judgment reflects these two special conditions, but adds a third: that Netro-Perales "shall not drive a motorized vehicle . . . while in the United States without the permission of the probation officer."

Netro-Perales's sole argument on appeal is that the motorized-vehicle special condition in his written judgment conflicts with the oral pronouncement of his sentence. "When there is a conflict between a written sentence and an oral pronouncement, the oral pronouncement controls." *United States v. Wheeler*, 322 F.3d 823, 828 (5th Cir. 2003) (quoting *United States v. Moreci*, 283 F.3d 293, 300 (5th Cir. 2002)). And "[i]f a conflict exists, the appropriate remedy is remand to the district court to amend the written judgment to conform to the oral sentence." *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006). The Government agrees—and our review of the record confirms—that the motor-vehicle special condition in the written judgment conflicts with the oral pronouncement in this case. Therefore, we GRANT the Government's unopposed motion to REMAND this case to the district court for the limited purpose of conforming the written judgment to its oral pronouncement at sentencing. *See United States v. Mascorro-Cruz*, 596 F. App'x 338, 339 (5th Cir. 2015) (granting an unopposed motion to remand under similar circumstances).