# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41059
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ESEQUIEL CARDENAS-CABRERA, also known as Jesus Cardenas-Cardenas,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-52-2

Before GRAVES, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

Esequiel Cardenas-Cabrera pleaded guilty to conspiracy to possess with intent to distribute over 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). The district court sentenced him to the mandatory minimum of sixty months' imprisonment, followed by a four-year term of supervised release. At sentencing, the district court orally pronounced

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

the following special condition of supervised release: "You shall use no name other than your true name or true date of birth . . . nor shall you possess false identification documents identifying yourself by any name other than your true name or true date of birth." The written judgment, however, contained a differently worded "Alias Condition" of supervised release:

> The defendant shall not use or provide any name other than his true name or date of birth to anyone, nor use or possess any false Social Security number. The defendant also shall not possess any fraudulent identification document or any identification document that identifies the defendant other than by his true name and true date of birth. *Additionally, upon contact with law enforcement, the defendant shall inform that he is an undocumented alien who is on supervised release.*

Cardenas-Cabrera's sole argument on appeal is that the Alias Condition in his written judgment conflicts with the oral pronouncement of his sentence. "When there is a conflict between a written sentence and an oral pronouncement, the oral pronouncement controls." *United States v. Wheeler*, 322 F.3d 823, 828 (5th Cir. 2003) (quoting *United States v. Moreci*, 283 F.3d 293, 300 (5th Cir. 2002)). "If the written judgment broadens the restrictions or requirements of supervised release from an oral pronouncement, a conflict exists." *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006). And "[i]f a conflict exists, the appropriate remedy is remand to the district court to amend the written judgment to conform to the oral sentence." *Id.*

The Government agrees—and our review of the record confirms—that the italicized language in the written judgment quoted above broadened the restrictions of supervised release imposed at sentencing. Therefore, we GRANT the Government's unopposed motion to REMAND this case to the district court for the purpose of conforming the written judgment to its oral sentence. *See United States v. Mascorro-Cruz*, 596 F. App'x 338, 339 (5th Cir.

No. 15-41059

2015) (per curiam) (granting an unopposed motion to remand under similar circumstances).