# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41390

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

ANSELMO VENEGAS,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-694-1

Before CLEMENT, PRADO, and OWEN, Circuit Judges.

PER CURIAM:*

Anselmo Venegas ("Venegas") appeals the district court's written order of a drug testing special condition as part of his term of supervised release. For the reasons explained below, we AFFIRM the special condition imposed by the district court.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41390

I

Venegas pleaded guilty to one count of possession of child pornography that had been shipped and transported in interstate or foreign commerce, in violation of 18 U.S.C. § 2252(a)(4)(B), (b). The district court sentenced Venegas to 100 months imprisonment, followed by 20 years of supervised release. The district court explained the conditions of supervised release at the sentencing hearing. Although the district court stated that Venegas did not have a "narcotics issue," it instructed Venegas "to avoid all illegal narcotics." Venegas did not object to his sentence.

The district court filled out a Form AO 245B written judgment. The written judgment included a standard condition of supervised release that "[t]he defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court." The district court also ordered as a special condition of supervision that:

> The defendant shall submit to periodic urine surveillance and/or breath, saliva, and skin tests for the detection of drug abuse as directed by the probation officer. The defendant will incur costs associated with such detection efforts based on ability to pay as determined by the probation officer.

Venegas filed a timely notice of appeal. He challenges only the imposition of the drug testing special condition.

II

Because Venegas did not have the opportunity at sentencing to object to the special condition included in the written judgment, we review the imposition of the special condition for an abuse of discretion. *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006).

No. 15-41390

III

"A defendant has a constitutional right to be present at sentencing." *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001). If the written judgment conflicts with the oral pronouncement at sentencing, "the oral pronouncement controls." *United States v. English*, 400 F.3d 273, 276 (5th Cir. 2005). A conflict exists "[i]f the written judgment broadens the restrictions or requirements of supervised release from an oral pronouncement." *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006). But this court must review the entire record "to determine the intent of the [district] court" if there is merely an ambiguity between the written judgment and the oral pronouncement. *United States v. Moreci*, 283 F.3d 293, 299 (5th Cir. 2002); *see also Scott v. United States*, 434 F.2d 11, 20 (5th Cir. 1970) ("The actual intention of the sentencing judge is to be ascertained both by what he said from the bench and by the terms of the order he signed, or from his total acts."). Standard conditions of supervised release included in the written judgment do not create a conflict with the district court's oral pronouncement of supervised release at sentencing. *See United States v. Torres-Aguilar*, 352 F.3d 934, 938 (5th Cir. 2003).

Venegas does not appeal his sentence, term of supervised release, or the standard condition ordering that he "submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court." This court must determine whether the drug testing special condition "broadens the restrictions or requirements of supervised release" compared to the oral pronouncement at sentencing and the drug testing standard condition included in the written judgment. *See Mireles*, 471 F.3d at 558. Venegas argues that the drug testing special condition is broader than the drug testing standard condition because the drug testing special

3

condition requires: (1) "ongoing" drug testing "of unlimited duration" and (2) "payment of fees."

The drug testing special condition requires that Venegas submit to "periodic" drug testing. The drug testing standard condition requires that Venegas submit to "one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter." Both conditions of supervised release require "periodic" drug testing. Because it is ambiguous whether the special condition requires more drug testing than that required by the standard condition, we review the entire record to determine the district court's intent. The district court stated that Venegas did not have a specific "narcotics issue." We hold that the district court intended that the "periodic" drug testing required by the special condition be confined to the "periodic" drug testing required by the standard condition.

The drug testing special condition requires that Venegas "incur costs" for the drug testing "based on ability to pay as determined by the probation officer." Venegas argues that the "payment of fees" requirement in the drug testing special condition is broader than the drug testing standard condition, which does not mention costs. But the requirement that the defendant bear the costs of a condition of supervised release, "even if mentioned for the first time in the written judgment," does not create a conflict with the oral pronouncement at sentencing. *United States v. Vega*, 332 F.3d 849, 852 (5th Cir. 2003); *see also United States v. Warden*, 291 F.3d 363, 365 (5th Cir. 2002). The imposition of costs "creates, if anything, an ambiguity." *Vega*, 332 F.3d at 852; *Warden*, 291 F.3d at 365. We resolve this ambiguity by reviewing the record to determine the district court's intent. The district court instructed Venegas at sentencing "to avoid all illegal narcotics." The district court also imposed the drug testing standard condition, which Venegas does not appeal. We hold that the district court intended that Venegas be subject to periodic

No. 15-41390

drug testing. The requirement that Venegas incur costs for his drug testing is "consistent with the district court's intent in imposing the conditions of supervised release." *Warden*, 291 F.3d at 365. No modification of the drug testing special condition is warranted.

IV

We AFFIRM.