# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2021

Lyle W. Cayce
Clerk

No. 20-40556
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

PATRICIO JESUS ALVAREZ-TREVINO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:19-CR-88-3

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Patricio Jesus Alvarez-Trevino pleaded guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of a mixture containing methamphetamine or 50 grams or more of methamphetamine (actual) and one count of conspiracy to commit money laundering. He

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40556

appeals the prison sentence and the term of supervised release imposed for the money laundering conspiracy.

In his first argument, Alvarez-Trevino contends that the judgment, which reflects that the district court imposed concurrent 189-month sentences for the two counts, conflicts with the oral pronouncement of sentence, where the district court ordered a 19-month sentence for the money laundering count. The Government has provided a corrected copy of the sentencing transcript, which reflects that the 19 months was a typographical error and that the court actually imposed 189-month prison terms for both offenses. Alvarez-Trevino concedes that there is no conflict with respect to the prison term.

In addition, Alvarez-Trevino asserts that the supervised release term for the money laundering conspiracy exceeds the statutory maximum. At sentencing, the court orally ordered a general five-year term of supervised release without specifying counts of conviction. The maximum term for the money laundering offense was three years. *See* 18 U.S.C. §§ 1956(a)(2), 3559(a)(3), 3583(b)(2). The written judgment reflects a three-year term of supervised release for this offense, to run concurrently with a five-year term properly imposed for the methamphetamine conspiracy. *See* 21 U.S.C. § 841(b)(1)(A).

When there is a conflict between a written sentence and an oral pronouncement, the oral pronouncement controls. *United States v. Rivas-Estrada*, 906 F.3d 346, 350 (2018). The difference between the oral imposition of supervised release and the judgment is a conflict. *United States v. Moreci*, 283 F.3d 293, 299 (5th Cir. 2002). However, the oral pronouncement of five years exceeds the statutory maximum and constitutes a plain error. *Id.* at 300; *see also United States v. Vera*, 542 F.3d 457, 459 (5th Cir. 2008) (an illegal sentence is a plain error to be reviewed de novo). The

judgment indicates the district court's intent to impose a three-year term of supervised release for the money laundering conspiracy.  Accordingly, we modify Alvarez-Trevino's supervised release to the three-year term.  *See United States v. Rodriguez-Martinez*, 329 F.3d 419, 419-20 (5th Cir. 2003); *Moreci*, 283 F.3d at 300.

For the foregoing reasons, Alvarez-Trevino's prison sentence is AFFIRMED, and his term of supervised release is AFFIRMED AS MODIFIED.