# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-10219
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
December 12, 2023

Lyle W. Cayce
Clerk

United States of America,

             *Plaintiff—Appellee*,

    *versus*

Chardavious Hutchinson,

             *Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-667-2

———————————————————

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Chardavious Hutchinson pleaded guilty to conspiracy to commit Hobbs Act robbery (count one), Hobbs Act robbery (count six), and using, carrying, and brandishing a firearm during and in relation to a crime of violence (count seven). The indictment alleged that Hutchinson and his co-defendant conspired to rob Family Dollar stores on August 6 and August

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10219

26, 2019, Dollar General stores on August 28 and August 30, 2019, and a Waffle House restaurant on August 30, 2019. Additionally, the indictment contained a forfeiture notice, which required Hutchinson to surrender any property traceable to the offenses, including a Glock model 23 .40 caliber firearm and a Glock model G20 10mm firearm.

At the sentencing hearing, the district court sentenced Hutchinson to a total of 219 months of imprisonment, followed by three years of supervised release as to all counts, subject to the conditions provided to Hutchinson in the presentence report (PSR) and in a standing court order. The district court also ordered $8,637.86 in restitution and stated that it would "order forfeiture of the firearm and any associated ammunition." The written judgment imposed three years of supervised release as to counts one and six and five years of supervised release as to count seven. Further, the written conditions of supervised release and the monetary penalties reflected that Hutchinson was to pay $8,637.86 in restitution. Finally, the written judgment noted that Hutchinson was to forfeit the Glock model 23 and the Glock model G20 to the Government.

On appeal, Hutchinson contends that the district court's written judgment conflicts with its oral pronouncement of the sentence. Specifically, he argues that conflicts exist with respect to (1) the length of the term of supervised release imposed, (2) the amount of restitution ordered as a condition of supervised release, and (3) the forfeiture order. We pretermit the question of the standard of review and review for abuse of discretion. *See United States v. Baez-Adriano*, 74 F.4th 292, 297 (5th Cir. 2023); *United States v. Pursley*, 22 F.4th 586, 591 (5th Cir. 2022).

As to the restitution condition of supervised release, Hutchinson argues that the district orally imposed the conditions contained in "Part G of the [PSR]," which included a condition ordering Hutchinson to pay

No. 23-10219

$6,500.86 in restitution.  At the sentencing hearing, the district court explicitly adopted both the PSR and the PSR addenda and orally pronounced $8,637.86 in restitution. These statements clearly evince an intent to impose restitution based on the five robberies alleged in the indictment. *See United States v. Story*, 439 F.3d 226, 232 (5th Cir. 2006).  Moreover, the record evinces an intent that the condition of supervised release requiring payment of restitution would encompass the full amount ordered. *See id*.

Hutchinson contends that the district court orally ordered forfeiture of a singular "firearm" but that the written judgment included two firearms. But in his plea agreement, Hutchinson expressly waived his right to make this contention:

> The defendant agrees not to contest, challenge, or appeal in any way the administrative or Judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture pursuant to the plea of guilty, specifically the forfeiture of (1) a Glock, model 23, .40 caliber pistol, bearing serial number BECY 766; (2) a Glock, model G20, 10 millimeter pistol, bearing serial number BATL202 [stolen]; and (3) $1,417.60 in United States Currency. The defendant agrees that this property is subject to forfeiture under 21 U.S.C. § 853(a). The defendant consents to entry of any orders or declarations of forfeiture regarding such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607- 1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure.

He confirmed this waiver at his rearraignment hearing. Therefore, we will dismiss his appeal to the extent it is inconsistent with the foregoing waiver. *See, e.g.*, *United States v. Meredith*, 52 F.4th 984 (5th Cir. 2022).

Finally, the district court orally pronounced a total of three years of supervised release as to all counts but imposed five years as to count seven in

No. 23-10219

its written judgment.  The Government concedes that this difference amounts to a conflict.  *See United States v. Moreci*, 283 F.3d 293, 299–300 (5th Cir. 2002).  When the written judgment conflicts with the oral pronouncement, the oral pronouncement controls.  *Id.* at 299.

Given the foregoing, Hutchinson's appeal is DISMISSED IN PART.  The judgment of the district court is AFFIRMED in part and VACATED in part as to the sentence of supervised release for count seven, and the case is REMANDED for amendment of the written judgment to conform with the oral pronouncement.  *See, e.g.*, *United States v. Fuentes-Rodriguez*, 22 F.4th 504, 506 (5th Cir. 2022).