# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 1, 2024

Lyle W. Cayce
Clerk

No. 23-20409
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Augistine Duaenas Lopez,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CR-314-1

———————————————————————

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Augistine Duaenas Lopez appeals the sentence imposed following the revocation of his supervised release, arguing that the district court's oral pronouncement differs from the written judgment. We review this claim for

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20409

abuse of discretion. *See United States v. Baez-Adriano*, 74 F.4th 292, 297 (5th Cir. 2023).

Here, the district court orally imposed "a term of two days less than 12 full months" of imprisonment, but the written judgment imposed "12 months with credit for two days." The parties agree that this discrepancy amounts to a conflict and that the district court is not authorized to compute credit for time served. *See United States v. Taylor*, 973 F.3d 414, 418 (5th Cir. 2020); *United States v. Moreci*, 283 F.3d 293, 299-300 (5th Cir. 2002). However, the district court retained the discretion to sentence Duaenas Lopez to the term of imprisonment it orally pronounced. *See In re U.S. Bureau of Prisons*, 918 F.3d 431, 439 (5th Cir. 2019). When the written judgment conflicts with the oral pronouncement, the oral pronouncement controls. *Merici*, 283 F.3d at 299.

Given the foregoing, the judgment of the district court is VACATED, and the case is REMANDED for entry of an amended written judgment that conforms to the oral pronouncement. *See, e.g.*, *United States v. Fuentes-Rodriguez*, 22 F.4th 504, 506 (5th Cir. 2022).