# United States Court of Appeals for the Fifth Circuit

---

No. 24-20408
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
July 8, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DESHAUN HUNTER,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-649-1

---

Before BARKSDALE, STEWART, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Deshaun Hunter challenges his 18-months' sentence, imposed following the revocation of his supervised release. Hunter maintains that the written judgment must be corrected because it conflicts with the district court's oral pronouncement of his sentence at the revocation hearing.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-20408

A district court's oral pronouncement of the sentence controls over the written judgment if there is any conflict. *E.g.*, *United States v. Moreci*, 283 F.3d 293, 299–300 (5th Cir. 2002). "A conflict occurs if the written judgment broadens the restrictions or requirements of supervised release from an oral pronouncement . . . or imposes more burdensome conditions." *United States v. Prado*, 53 F.4th 316, 318 (5th Cir. 2022) (citation omitted). "In the event of a conflict, the written judgment must be amended to conform with the oral pronouncement, which controls." *Id.*

As the Government concedes, Hunter is correct that the oral sentence and written revocation judgment conflict. The district court stated in its oral pronouncement that it was imposing a prison term of 16 months, while the written judgment sets forth a more burdensome prison term of 18 months. Accordingly, the written judgment must be conformed to the oral pronouncement. *See id.*

Additionally, although not raised by the parties, we have identified two clerical errors in the judgment. Under Federal Rule of Criminal Procedure 36, our court may review a judgment *sua sponte* for clerical errors and remand for the limited purpose of correcting them. *United States v. Illies*, 805 F.3d 607, 610 (5th Cir. 2015). A clerical error occurs "when the court intended one thing but by merely clerical mistake or oversight did another". *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008) (citation omitted).

First, Violation Number Four is listed among the violations abandoned by the Government, which is incorrect, as it is one of the two violations to which Hunter pleaded true. (The judgment correctly notes that Hunter admitted guilt to Violation Number Four above the clerical error.) Additionally, the judgment mischaracterizes Violation Number Six as "New Law Violation: (Mandatory Condition) Evading arrest-detention with

2

No. 24-20408

previous conviction", when, instead, the new law offense underlying Violation Number Six was Hunter's commission of, and conviction for, the Texas state crime of unauthorized use of a motor vehicle. The written judgment should be amended to reflect the correct new law violation and abandoned violations. *See United States v. Fatani*, 125 F.4th 755, 762 & n.3 (5th Cir. 2025).

AFFIRMED in part; REMANDED to correct the clerical errors and conform the written judgment to the oral pronouncement.