**REVISED, APRIL 24, 2001**

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 00-50256
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALFONSO DeLEON,

Defendant - Appellant.

Appeal from the United States District Court
For the Western District of Texas

April 9, 2001

Before POLITZ and EMILIO M. GARZA, Circuit Judges, and HEAD[*], District Judge.

EMILIO M. GARZA, Circuit Judge:

Alfonso DeLeon appeals his conviction of conspiracy to possess with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, and aiding and abetting the possession of marijuana with intent to distribute, in violation of 18 U.S.C. § 2. The district court sentenced DeLeon to concurrent 78-month terms of imprisonment, concurrent

_____

[*] District Judge of the Southern District of Texas, sitting by designation.

4-year terms of supervised release, a $300 fine, and a $200 special assessment. DeLeon argues that (1) his conviction is not supported by sufficient evidence; (2) the district court abused its discretion in admitting into evidence an audiocassette containing a taped conversation; and (3) the district court erred in light of *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000), in imposing 78-month sentences. We affirm.

We review the sufficiency of the evidence to support DeLeon's conviction by examining all the evidence in the light most favorable to the verdict.[1] *See United States v. Ortega Reyna*, 148 F.3d 540, 543 (5th Cir. 1998). We affirm the conviction if we determine that a reasonable trier of fact "could have found that the evidence est ablished the essential elements of the crime beyond a reasonable doubt." *Id.* To prove a drug conspiracy, the government must establish "(1) the existence of an agreement between two or more persons to violate federal narcotics laws; (2) the defendant's knowledge of the agreement; and (3) the defendant's voluntary participation in the agreement." *United States v. Gonzalez*, 79 F.3d 413, 423 (5th Cir. 1996). To prove possession of marijuana with intent to distribute, the government must demonstrate beyond a reasonable doubt that (1) the defendant knowingly possessed a controlled substance; (2) the substance was in fact marijuana; and (3) the defendant possessed the substance with the intent to distribute it. *See United States v. Lindell*, 881 F.2d 1313, 1322 (5th Cir. 1989). Because t he indictment alleges a quantity greater than 100

---

[1] This standard of review is ordinarily appropriate only where a defendant has moved for acquittal both at the close of the government's case and at the close of all evidence; otherwise, we review for plain error only. *See United States v. Pierre*, 958 F.2d 1304, 1310 (5th Cir. 1992). Here, DeLeon moved for acquittal only when the government rested, but did not present any of his own witnesses. "[W]here the trial court's action renders the motion for acquittal 'an empty ritual,' the failure to renew the motion does not constitute waiver by the defendant." *United States v. Pennington*, 20 F.3d 593, 597 n.2 (5th Cir. 1994). Because the district court denied DeLeon's motion, a subsequent motion minutes later would similarly have been an "empty ritual."

kilograms of marijuana, triggering punishment within the statutory range of 21 U.S.C. § 841(b)(1)(B)(vii), *Apprendi* applies and proof of an amount greater than 100 kilograms is a fourth element of the offense alleged in this indictment. *See United States v. Doggett*, 230 F.3d 160, 164-65 (5th Cir. 2000). Finally, the government establishes aiding and abetting by proving that the defendant (1) associated with the criminal enterprise, (2) participated in the venture, and (3) sought by action to make the venture succeed. *See id.* at 1323.

The evidence is sufficient to support DeLeon's conviction of all the charged offenses. The trial testimony establishes that DeLeon was present when his co-defendant borrowed a truck in which the marijuana was to be loaded, that when his co-defendant stated that the shipment was to arrive at 3 p.m., DeLeon stated "[v]iene en camino," implying that the shipment was on its way, and that DeLeon unloaded the boxes of marijuana from the 18-wheel truck into the smaller borrowed truck. The minor inconsistencies in the testimony alleged by DeLeon—whether he was wearing jeans or medical scrubs, whether he "threw" the 130-pound boxes of marijuana off the back of the 18-wheel truck, and whether he was specifically offered a cut of the proceeds—are no basis for disregarding the credibility determinations of the jury. *See United States v. Garza*, 990 F.2d 171, 175 (5th Cir. 1993).[2]

DeLeon next argues that the district court abused its discretion in admitting into evidence the audiocassette recording of a parking lot conversation between two DEA agents, one of his co-defendants, and himself. The recording included DeLeon's incriminating "[v]iene en camino" statement. DeLeon argues that the tape should have been excluded because the government failed

---

[2]     As we find that the testimony of DeLeon's co-defendants to be sufficient evidence to sustain DeLeon's convictions, we do not consider DeLeon's challenge to the probative value of the cellular phone records offered by the government.

to prove the tape's authenticity. Agent Saldana, however, testified as to the identity of the participants at the meeting, explained how the recording was made, and vouched for the tape's accuracy. There was no intimation that the tape had been altered. Under these circumstances, the district court did not abuse its discretion in admitting the tape. *See United States v. Buchanan*, 70 F.3d 818, 827 (5th Cir. 1995) (finding no abuse of discretion in the admission of a tape where all voices were identified, there was no intimation that the tape had been altered, and an officer testified to the accuracy of the tape).

Finally, DeLeon argues that he was sentenced in violation of *Apprendi*, 120 S.Ct. at 2348, as the indictment did not allege, and the jury did not make a finding as to a specific drug quantity. DeLeon did not object to the jury charge, did not request a charge, and never addressed drug quantity as an issue either at trial or sentencing—accordingly, we review the *Apprendi* issue for plain error. *See United States v. Johnson*, 520 U.S. 461, 466-67, 117 S.Ct. 1544, 1548-49, 137 L.Ed.2d 718 (1997) (plain error standard of review permits reviewing court to grant relief only if the plain error affects the substantial rights of the defendant as well as the fairness, integrity, or public reputation of judicial proceedings).

DeLeon's 78-month sentences are within the statutory range of § 841(b)(1)(B)(vii), which applies to offenses involving between 100 and 1000 kilograms of marijuana. The smallest statutory range for marijuana offenses, however, is found in § 841(b)(1)(D), authorizing a maximum term of imprisonment of five years for offenses involving less than 50 kilograms of marijuana. DeLeon contends that the lack of a specific identification of the 469.47 kilograms of marijuana for which he was held accountable means that we must presume that he would be subject only to the lowest statutory sentencing range of § 841(b)(1)(D), and that consequently he was improperly sentenced

-4-

beyond the statutory maximum. We disagree.

In *United States v. Doggett*, 230 F.3d 160, 164-65 (5th Cir. 2000), we held that "if the government seeks enhanced penalties based on the amount of drugs under 21 U.S.C. § 841(b)(1)(A) or (B), the quantity must be stated in the indictment and submitted to a jury for a finding of proof beyond a reasonable doubt." Both counts of DeLeon's indictment listed the relevant range of "more than 100 kilograms, but less than 1000 kilograms of [m]arijuana," as well as a cite to § 841(b)(1)(B). Although we have not previously had occasion to decide the issue, we hold that an indictment's allegation of a drug-quantity range, as opposed to a precise drug quantity, is sufficient to satisfy *Apprendi* and its progeny. *See generally United States v. Slaughter*, 238 F.3d 580, 583 (5th Cir. 2000) (finding "no question" that drug quantity had been sufficiently stated in the indictment where each count contained an express allegation of the drug quantity involved and included reference to the applicable subparagraph of § 841(b)(1)).

As to the jury charge, DeLeon correctly points out that the jury was not instructed that it had to find a particular quantity of marijuana beyond a reasonable doubt, *i.e.*, the jury charge did not list the quantity of marijuana as an element of the offenses. Such an omission cannot be plain error, however, where as here, the defendant stipulated at trial that the substance seized was 1035.2 pounds (469.47 kilograms) of marijuana. *See United States v. Branch*, 46 F.3d 440, 442 (5th Cir. 1995) ("Once a stipulation is entered, even in a criminal case, the government is relieved of its burden to prove the fact which has been stipulated by the parties."); *Rios-Quintero*, 204 F.3d at 216 (no plain error in omitting jury charge on drug quantity based on *Jones v. United States*, 526 U.S. 227 (1999), where the defendant stipulated that the offense involved more than one kilogram of heroin and the record unequivocally supported an affirmative jury finding on the issue of quantity); *cf. Slaughter*,

238 F.3d at 583-84 (holding that district court's failure to state the specific drug quantity in its instructions to the jury was error, but that such error was harmless in the absence of any evidence that could lead the jury to the conclusion that the drug quantity stated in the indictment was incorrect.).

Accordingly, neither the omission of a specific drug quantity from the indictment nor the absence of a jury charge on drug quantity rises to the level of plain error.

AFFIRMED.