United States Court of Appeals
Fifth Circuit

**F I L E D**

April 11, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41254
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD DAVID GORDON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CR-135-2
--------------------

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

Richard David Gordon appeals his guilty-plea conviction and sentence for conspiracy to possess with intent to distribute marijuana. He argues that the indictment was defective because it alleged a drug-quantity range rather than a specific drug amount. The indictment which alleged that Gordon conspired to possess with intent to distribute between 100 and 1000 kilograms of marijuana was sufficient to satisfy the requirements of

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Apprendi v. New Jersey, 530 U.S. 466 (2000).  See United States v. DeLeon, 247 F.3d 593, 597 (5th Cir. 2001).  Regardless, because Gordon's sentence was below the statutory maximum sentence for an offense involving an unspecified amount of marijuana, Apprendi is inapplicable.  See United States v. Deville, 278 F.3d 500, 510 (5th Cir. 2002).

Gordon also argues that the district court erroneously included as relevant conduct the 33.11 kilograms of marijuana seized from him in November 2000 after the conspiracy ended.  Because Gordon did not raise this issue in the district court, review is limited to plain error.  See United States v. Gore, 298 F.3d 322, 324 (5th Cir. 2002).  Because the offenses were similar, Gordon was acting as a courier on a regular basis, and the offenses occurred within a period of ten months, Gordon has not demonstrated that the district court's inclusion of the 33.11 kilograms of marijuana as relevant conduct was plain error.  See United States v. Ocana, 204 F.3d 585, 589 (5th Cir. 2000).

Gordon's motions for withdrawal of counsel and appointment of new counsel and for leave to amend the appellate brief are DENIED.

AFFIRMED; MOTIONS DENIED.