**United States Court of Appeals
Fifth Circuit**

**F I L E D**

**November 26, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-51200
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JESUS ROGELIO MIRANDA, also known as Chuy,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
(DR-01-CR-45-2-WWJ)
- - - - - - - - - -

Before JOLLY, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Defendant-Appellant Jesus Rogelio Miranda appeals his convictions, following a jury trial, of (1) conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 846, and (2) possession of more than 100 kilograms of marijuana with intent to distribute on or about March 27, 2000, in violation of 21 U.S.C. § 841(a) and (b). Miranda was convicted of two other counts of possession of marijuana with intent to distribute, but he does not challenge them.

------

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Miranda contends that the trial evidence was insufficient to support his convictions of the two counts in question. With respect to the possession-with-intent to distribute count, regarding conduct on or about March 27, 2000, Miranda contends that the evidence was insufficient to establish that a marijuana load seized by Border Patrol agents on that evening was designated for the conspiracy in which he was a member, rather than for a separate conspiracy supplied by a Mexican named "Pollo" or "Poyo."

The evidence established that, on March 27, 2000, Miranda gave his associate, Hugo Jimenez, a truck to load a marijuana shipment as well as keys to the ranch on which Miranda's partner and codefendant, Guillermo "Willie" Martinez, received marijuana shipments for both Poyo's conspiracy and another in which Miranda participated. Martinez and Jimenez were apprehended close to the spot on Martinez's ranch, near the Rio Grande river, where Border Patrol agents had just seized 484 pounds of marijuana. Although Jimenez testified that he did not think that this was the marijuana load he was supposed to pick up, the evidence supported a jury finding that Jimenez intended to pick up this load for Miranda. Accordingly, we affirm Miranda's Count 4 conviction of possession with intent to distribute marijuana. See United States v. Villarreal, 324 F.3d 319, 322 (5th Cir. 2003); United States v. Gonzales, 121 F.3d 928, 936 (5th Cir. 1997).

Miranda also contends that the trial evidence was insufficient to support the quantity element of his Count 2 conviction of possession with intent to distribute more than 1,000 kilograms of

marijuana. He argues that the evidence shows that Poyo's marijuana-trafficking group operated separately from the group that he (Miranda) operated with fugitive codefendant Roberto Bravo, and that the government failed to prove that his and Bravo's conspiracy was involved with more than 1,000 kilograms.

When an indictment charges that a specified minimum quantity of drugs is involved, proof of that quantity is an element of the offense under Apprendi v. New Jersey, 530 U.S. 466 (2000). United States v. DeLeon, 247 F.3d 593, 596 (5th Cir. 2001). To meet this burden in a drug-conspiracy case, the government only needs to prove that the "conspiracy as a whole" distributed the quantity of drugs alleged. United States v. Turner, 319 F.3d 716, 722 (5th Cir.), cert. denied, 123 S. Ct. 1939 (2003). None dispute that the overall conspiracy--including the amounts smuggled by Poyo's group--far exceeded 1,000 kilograms. In any event, the evidence supports a jury determination that Miranda's group, by itself, was involved with more than 1,000 kilograms.

Miranda's convictions are AFFIRMED.