United States Court of Appeals
Fifth Circuit

**F I L E D**

January 4, 2007

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

m 06-50131

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

EDGAR BENJAMIN AGUILAR-ALVAREZ,
ALSO KNOWN AS EDGAR AGUILAR-ALVAREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
m 3:03-CR-1051-12

Before KING, HIGGINBOTHAM, and SMITH,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

A jury found Edgar Aguilar-Alvarez guilty of knowingly possessing marihuana with intent to distribute. He appeals, arguing that the evidence was insufficient to prove he knew that he possessed marihuana. Because the evidence was sufficient, we affirm.

I.

Aguilar-Alvarez was driving a tractor-trailer rig that New Mexico Department of Transportation inspectors searched in response to a

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Drug Enforcement Administration ("DEA") alert identifying the trailer as possibly transporting drugs. The inspectors found marihuana hidden in cardboard boxes placed among legitimate cargo.

The DEA sent the alert to other members of law enforcement about the tractor-trailer Aguilar-Alvarez was driving, because a DEA agent observed the rig parked in front of a warehouse the DEA had under surveillance.[1] The tractor-trailer arrived at the warehouse early in the afternoon of August 31, 2002, and left about two hours later. No one testified at trial that Aguilar-Alvarez was present at the warehouse.

A transfer station inspector recognized the tractor-trailer from the alert and informed Aguilar-Alvarez that his vehicle would be inspected. Part of the inspection resulted in normal, unsuspicious discoveries: The licence for the trailer matched paperwork Aguilar-Alvarez had provided; the cargo area was sealed and undisturbed; and the manifest did not suggest any criminal activity. Other aspects of the inspection, however, yielded suspicious results. Aguilar-Alvarez told the inspector he was coming from Los Angeles, but in fact he was headed westbound. His log books likely understated the time required to travel different subsections of his trip to New Mexico, and they did not contain the name of the shipper. Further, Aguilar-Alvarez could not provide the phone number of the company for which he worked, [2] and he was not travel

ing the usual route from California to Wisconsin.[3] Finally, the tractor-trailer was very cleanSSthe outside lacked the dirt, mud, and bugs typical of a trip from Los Angeles to New Mexico, and the inside lacked the usual fast food trash, bedding, and maps.[4]

Aguilar-Alvarez consented to a search of the trailer, where law enforcement officers found plain cardboard boxes containing marihuana among other legitimate cargo listed in the bill of lading. Aguilar-Alvarez stated he did not know marihuana was there; he said he was not present when the trailer was loaded; he assumed it had been loaded before he began his journey in California. Finally, he indicated that he was at a truck station in the tractor-trailer almost all day August 31, 2002SSthe day DEA agents observed the trailer at the warehouse they had under surveillance.

An indictment charged Aguilar-Alvarez with conspiracy to possess marihuana with intent to distribute it and knowingly possessing marihuana with intent to distribute it. A jury found him guilty of possession with intent to distribute, but the district court declared a mistrial on the charge of conspiracy to possess with intent to distribute. Aguilar-Alvarez appeals, challenging the sufficiency of the evidence that he had knowledge of the marihana.

II.

---

[1] The agent identified Aguilar-Alvarez's tractor-trailer by the numbers on the front of the vehicle and a design on the door.

[2] Aguilar-Alvarez told law enforcement agents
(continued...)

[2](...continued)
that he had just taken this job two days earlier.

[3] Aguilar-Alvarez stated that his boss accompanied him and instructed him to stop in El Paso so his boss could pick up a vehicle to drive to McAllen, Texas.

[4] Aguilar-Alvarez indicated he had not used the truck stop's car wash.

We must decide whether any reasonable trier of fact could have found that the evidence established the essential elements of the crime beyond a reasonable doubt. *United States v. Ortega-Reyna*, 148 F.3d 540, 543 (5th Cir. 1998) (per curiam). Considering the evidence in the light most favorable to the government, we draw all reasonable inferences and credibility choices in support of the verdict. *Id.* The jury is free to choose among reasonable constructions of the evidence, but if the evidence tends to give equal or nearly equal circumstantial support to guilt and to innocence, we must reverse, because a reasonable jury would have reasonable doubt when the evidence is essentially in balance. *Id.*

The government was required to prove, beyond a reasonable doubt, that Aguilar-Alvarez (1) knowingly (2) possessed marihuana (3) with the intent to distribute it. *United States v. DeLeon*, 247 F.3d 593, 596 (5th Cir 2001). Only the first element is at issue here.

Generally, a jury may infer knowledge of the presence of drugs from the exercise of control over a vehicle containing drugs. *United States v. Resio-Trejo*, 45 F.3d 907, 911 (5th Cir. 1995). If the drugs are hidden in a compartment, we normally require additional circumstantial evidence that raises suspicion or demonstrates guilty knowledge. *Id.* We recognize that in hidden compartment cases, there "is at least a fair assumption that a third party might have concealed the controlled substances in the vehicle with the intent to use the unwitting defendant as the carrier in a smuggling enterprise." *United States v. Diaz-Carreon*, 915 F.2d 951, 954 (5th Cir. 1990). "This assumption is heightened when . . . the vehicle is a 'loaner' or has otherwise been in the possession of the suspect for only a short time." *Ortega-Reyna*, 148 F.3d at 544.

We have held a various types of circumstantial evidence sufficient to prove knowledge of contraband in cases involving drugs in hidden compartments, such as evidence of nervousness, refusal to answer questions, and inconsistent statements. *See id.* (summarizing the various types of circumstantial evidence sufficient to prove knowledge in hidden compartment cases). Specifically, a defendant offering implausible explanations for the situation is sufficient circumstantial evidence to support a conviction of knowingly possessing drugs. *E.g.*, *United States v. Casilla*, 20 F.3d 600, 606 (5th Cir. 1994). A defendant's decision to lie to law enforcement officers can constitute sufficient circumstantial evidence to support an inference of guilty knowledge. *United States v. Jones*, 185 F.3d 459, 465 (5th Cir. 1999).

Aguilar-Alvarez offered implausible explanations and lied to officers. This circumstantial evidence sufficiently supports the jury's inference that Aguilar-Alvarez knowingly possessed the drugs.

His claim that he was traveling from Los Angeles is implausible under the circumstances. Not only was he headed in the wrong direction, the tractor-trailer was clean, lacking the characteristics of a long trip. More importantly, he lied to officials about being in his tractor-trailer on August 31, 2002; he said he remained in the tractor-trailer all day August 31, except for trips into the truck shop to make purchases. DEA agents, however, identified the tractor-trailer as the rig that arrived at the warehouse and spent several hours there that afternoon.[5] This circumstan

---

[5] Unlike the situation in *Ortega-Reyna*, in which we held the evidence of knowledge was insufficient
(continued...)

tial evidence supports an inference of guilty knowledge of drug possession.

AFFIRMED.

---

because the circumstances permitted benign inferences, here there is not "an equal and opposite benign inference to be drawn" from Aguilar-Alvarez's lie. *Ortega-Reyna*, 148 F.3d at 545. Lying to officials is not "at least as consistent with innocence as guilt." *Id.* at 546.