**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-50636
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ABEL DIAZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-1456-2

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Abel Diaz appeals his convictions and sentences for one count of conspiracy to possess with intent to distribute and one count of possession with intent to distribute 1,000 kilograms or more of marijuana. The district court sentenced him within the advisory sentencing Guidelines range to concurrent terms of 188 months of imprisonment. We AFFIRM.

Diaz contends that the evidence was not sufficient to support the jury's verdict because the Government failed to adduce evidence that he knew about

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the marijuana in the trailer. We will uphold the jury's verdict if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *see United States v. DeLeon*, 247 F.3d 593, 596 n.1 (5th Cir. 2001). Proof of involvement in a drug conspiracy requires evidence of "(1) the existence of an agreement between two or more persons to violate the narcotics laws, (2) the defendant's knowledge of the agreement, and (3) the defendant's voluntary participation in the conspiracy." *United States v. Gallardo-Trapero*, 185 F.3d 307, 317 (5th Cir. 1999). To prove guilt of possession with intent to distribute a controlled substance, the Government must establish: (1) knowledge, (2) possession, and (3) intent to distribute the controlled substance. *United States v. Solis*, 299 F.3d 420, 446 (5th Cir. 2002).

The evidence presented at trial showed the following. On May 27, 2007, at approximately 4:30 a.m., a tractor-trailer approached the border checkpoint near Sierra Blanca, Texas. Diaz was a passenger in the truck, and his brother was driving. A border patrol canine alerted to the presence of people and/or illegal narcotics in the trailer. Upon inspection, agents found a total of 3,405 pounds of marijuana inside the trailer. Diaz informed the agent that he saw the truck loaded at 1:00 a.m. on May 27, 2007, but trial testimony revealed that both Diaz brothers were present when the truck was loaded with cargo on May 25, 2007. Diaz was said to be nervous when the truck was being loaded.

This evidence was sufficient to support the convictions. The evidence of Diaz's being present when the truck was loaded two days earlier, contradicted Diaz's statement to authorities that he and his brother had picked up the load just a few hours before arriving at the checkpoint. *See United States v. Phillips*, 496 F.2d 1395, 1398 n.6 (5th Cir. 1974) (stating that a "less-than-credible explanation" for a defendant's actions is "part of the overall circumstantial evidence from which possession and knowledge may be inferred"). Moreover, the testimony with respect to Diaz's nervousness during the loading of the truck

provides further support for the jury's determination. *See United States v. Diaz-Carreon*, 915 F.2d 951, 954 (5th Cir. 1990) (holding that nervous behavior by a defendant can constitute circumstantial evidence that the defendant was aware of the illegal drugs). Finally, the value of the drugs ($2.7 million) helps confirm that Diaz knew about the marijuana because it is unlikely that a drug organization would entrust unknowing participants with cargo worth millions of dollars. *See United States v. Martinez-Moncivais*, 14 F.3d 1030, 1034-35 (5th Cir. 1994). Diaz's sufficiency of the evidence claim fails.

Diaz also contends that assertions regarding his failure to turn himself in when a warrant for his arrest was issued, made at trial by a DEA agent and again during the Government's closing argument, constitute reversible error. Our review of the issue with respect to the DEA agent's testimony is for plain error only because Diaz did not object. *United States v. Valuck*, 286 F.3d 221, 228 (5th Cir. 2002). Diaz must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Diaz has not shown that any error with respect to the admission of the DEA agent's testimony affected his substantial rights. As demonstrated above, the Government presented strong circumstantial evidence showing that Diaz was a knowing participant in the drug crimes. *See United States v. Nguyen*, 504 F.3d 561, 573 (5th Cir. 2007).

With regards to the to the Assistant U.S. Attorney's statement during closing argument, Diaz objected in the district court. Accordingly, we must decide whether the remark was improper and whether the remark prejudiced Diaz's substantial rights. *See United States v. Munoz*, 150 F.3d 401, 414-15 (5th Cir. 1998). The determinative question is whether the prosecutor's remarks cast serious doubt on the correctness of the jury's verdict. *United States v. Iredia*,

866 F.2d 114, 117 (5th Cir. 1989). Here, Diaz's asserted failure to turn himself in was not strong evidence of his guilt, and in light of the other evidence of his knowing participation in the drug crimes, the remark does not cast serious doubt on the correctness of the jury's verdict.

Diaz next argues that the assignment of criminal history points in the PSR was erroneous and resulted in an inflated criminal history category. Because Diaz preserved these claims by objecting in the district court, review is for an abuse of discretion. *See Gall v. United States*, 128 S. Ct. 586, 596-97 (2007). The PSR assigned two criminal history points pursuant to U.S.S.G. § 4A1.1(b) for a sentence of "364 days custody with 342 days credit" based on Diaz's January 28, 2008 convictions for battery against a household member and resisting/evading/ obstructing an officer. Since he actually served only 22 days, Diaz argues that he should have been assessed only one point for this sentence under Section 4A1.1. However, Diaz's sentence was not suspended; he was given credit for time served. Consequently, the two points were warranted.

With respect to his other issues concerning the assignment of criminal history points, Diaz argues that each sentence was suspended and therefore qualifies under Section 4A1.1(c) for only one criminal history point. In each of those cases, Diaz's probation was revoked, and he was sentenced to more than 60 days of imprisonment upon the revocation in each case. These sentences therefore qualify for two criminal history points each under Section 4A1.1(b) pursuant to Section 4A1.2(k), which provides that "[i]n the case of a prior revocation of probation . . . add the original term of imprisonment to any term of imprisonment imposed upon revocation" and "[t]he resulting total is used to compute the criminal history points for § 4A1.1(a), (b), or (c), as applicable." Thus, Diaz's sentence was procedurally sound.

Finally, Diaz argues that his sentence was substantively unreasonable because the district court failed to address his argument that the criminal history category reflected in the Guidelines over represented his true criminal

history since his four prior crimes were misdemeanors. We review this argument for plain error only because, even though he asked to be sentenced below the Guidelines range, he did not otherwise object to the sentence as unreasonable. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2959 (2008).

Diaz's within-Guidelines sentence was not substantively unreasonable. Though the district court did not explicitly reference the Section 3553(a) factors at sentencing, it imposed Diaz's sentence after listening to arguments concerning the overrepresentation of his criminal history, his assertion that he had never been arrested for drugs before, and his request for a sentence below the Guidelines range. The district court, therefore, implicitly concluded that the circumstances of the offense and Diaz's history and characteristics did not justify a downward deviation from the Guidelines range. Accordingly, Diaz has not shown plain error.

The judgment of the district court is AFFIRMED.