**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-50685
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROBERTO DIAZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-1456-1

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Roberto Diaz appeals his convictions for one count of conspiracy to possess with intent to distribute and one count of possession with intent to distribute 1,000 kilograms or more of marijuana. The district court sentenced Diaz to the statutory minimum of 240 months of imprisonment on each count, to run concurrently, to be followed by 10 years of supervised release, also concurrent, and a $1,000 fine.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Diaz contends that the evidence was not sufficient to support the jury's verdict because the Government failed to adduce evidence that he knew about the marijuana in the trailer. We will uphold the jury's verdict if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *see United States v. DeLeon*, 247 F.3d 593, 596 n.1 (5th Cir. 2001). Proof of involvement in a drug conspiracy requires evidence of "(1) the existence of an agreement between two or more persons to violate the narcotics laws, (2) the defendant's knowledge of the agreement, and (3) the defendant's voluntary participation in the conspiracy." *United States v. Gallardo-Trapero*, 185 F.3d 307, 317 (5th Cir. 1999). To prove guilt of possession with intent to distribute a controlled substance, the Government must establish: (1) knowledge, (2) possession, and (3) intent to distribute the controlled substance. *United States v. Solis*, 299 F.3d 420, 446 (5th Cir. 2002).

The evidence showed that on May 27, 2007, at approximately 4:30 a.m., a tractor-trailer approached the border checkpoint near Sierra Blanca, Texas. Diaz was driving the truck, and his brother Abel was a passenger in the truck. A border patrol canine alerted to the presence of humans and/or illegal drugs in the trailer, and upon further inspection, agents found a total of 3,405 pounds of marijuana inside the trailer. Abel informed the agent that he saw the truck loaded at 1:00 a.m. on May 27, 2007. Evidence demonstrated, however, that the Diaz brothers were present when the truck was loaded with legitimate cargo on May 25, 2007. The original seal on the trailer was intact; however, a bolt on a door latch had been replaced. This alteration allowed access to the trailer without damage to the original seal.

Testimony established that Diaz acted nervously during inspection of the trailer at the border crossing. Diaz told Border Agent Velasquez that he was on probation, stating that he had been arrested at a port of entry in El Paso for entering with marijuana. Diaz explained that a friend had told him to cross a

truck through the port of entry in El Paso. He stated that he did not know that there were drugs in that truck and that he could not believe the same thing was happening to him again. Diaz stated that the people at the company must have put the marijuana in the trailer. Customs Agent Patricia Hernandez confirmed that Roberto Diaz had been stopped on January 31, 2006, at the Bridge of the Americas port of entry in El Paso, Texas. The pickup truck he was driving had 19 kilograms of marijuana hidden in the engine compartment.

This evidence was sufficient for a reasonable trier of fact to conclude that Diaz knowingly participated in the drug conspiracy and knowingly possessed the marijuana with the intent to distribute. *See Jackson,* 443 U.S. at 319. Beyond Diaz's mere control of the tractor-trailer in which the drugs were found, there were a number of circumstances from which the jury could infer guilty knowledge. For example, border crossing agents testified that Diaz was nervous when he was delayed at the checkpoint and that he seemed eager to leave. *See United States v. Gutierrez-Farias*, 294 F.3d 657, 660 (5th Cir. 2002) (nervousness). Moreover, there was evidence that Diaz had previously attempted to cross the border with marijuana hidden in his truck. *Id*. at 661. And Diaz possessed over 1,000 kilograms of marijuana, valued at $2.7 million, which is unlikely to have been entrusted to an unsuspecting driver. *United States v. Garcia-Flores*, 246 F.3d 451, 455 (5th Cir. 2001). Additional evidence of Diaz's guilty knowledge included: the delay between the time the computers were loaded at TMX on May 25 and the time they arrived at the checkpoint on May 27; Abel's false statement that they had picked up the load only a few hours before; and damage to the trailer doors, which was not observed by TMX employees upon loading. *See United States v. Gamez-Gonzalez*, 319 F.3d 695, 699 (5th Cir. 2003) (noting that delay in arrival at checkpoint allowed inference of guilt). Finally, Diaz's ownership of five of the seven cell phones found inside the truck also indicated his knowing involvement based on the DEA agent's testimony that drug traffickers often employ multiple cell phones. In sum, the

evidence was more than sufficient for the jury to infer Diaz's guilty knowledge beyond a reasonable doubt.

Diaz argues that the district court improperly allowed testimony regarding his dissimilar prior drug arrest in violation of Federal Rule of Evidence 404(b). He argues that the Government bolstered its weak circumstantial case with this evidence, that the testimony was not relevant because he denied knowledge in the prior case also, that the prior arrest was too removed in time and was not similar, and that the probative value was substantially outweighed by undue prejudice.

Rule 404(b) prohibits the admission of "[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." Fed. R. Evid. 404(b). To be admissible, extrinsic offense evidence must be "relevant to an issue other than the defendant's character," and it "must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of [Fed. R. Evid. 403]." *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc). We review a district court's decision to admit Rule 404(b) evidence for abuse of discretion, with heightened review in criminal cases. *United States v. Pompa*, 434 F.3d 800, 805 (5th Cir. 2005).

The testimony concerning Diaz's prior arrest must be analyzed under Rule 404(b). *See United States v. Gonzalez*, 328 F.3d 755, 759-60 (5th Cir. 2003) (analyzing admission of evidence of defendant's prior conviction for possession of marijuana under Rule 404(b)). Diaz's plea of not guilty placed his intent at issue for purposes of Rule 404(b). *See Pompa*, 434 F.3d at 805. Further, Diaz's own statements upon his arrest in this case that he had a prior arrest for crossing marijuana, that he again had no knowledge of the marijuana, and that he could not believe it was happening to him again, all placed his knowledge at

issue. The evidence of the prior arrest was probative of Diaz's knowledge that marijuana was hidden in the trailer. The fact that it was evidence of an arrest and not a conviction does not make it inadmissible. *See United States v. Gonzalez-Lira*, 936 F.2d 184, 189 (5th Cir. 1991). The date of Diaz's prior arrest, January 31, 2006, only one and a half years before this offense in May of 2007, does not weigh against admissibility. *See Gonzalez*, 328 F.3d at 760 (holding that admission of 1988 conviction to prove knowledge of drugs in 2001 offense was not an abuse of discretion, and noting cases in which 15- and 18-year-old convictions were admitted without an abuse of discretion). Although the offenses were not identical in terms of the type of truck or the size of the load of marijuana, Diaz's own statements about his prior arrest for crossing marijuana, volunteered by him at the time of this arrest, made this evidence highly relevant as to his knowledge and mitigated any additional prejudice created by presenting evidence of the arrest itself.

The district court gave instructions to the jury on the limited purpose for which it could use the evidence of Diaz's prior arrest. This also mitigated the potential prejudicial effect of the admission of the evidence. *See id*. at 760 n.2. The district court did not abuse its discretion in admitting this evidence.

AFFIRMED.