# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-41125
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHANNON SHUNKIE HOOPER,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:07-CR-54-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Shannon Shunkie Hooper challenges his convictions of possession of a firearm in furtherance of a drug trafficking offense; being a felon in possession of a firearm; and possession with intent to distribute marijuana. Hooper preserved his challenge to the sufficiency of the evidence supporting his convictions by moving for a judgment of acquittal at the close of the Government's case, and because he did not present any evidence after the Government rested, he did not need to renew this motion to preserve his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sufficiency claims.  *See United States v. DeLeon*, 247 F.3d 593, 596 n.1 (5th Cir. 2001).  Accordingly, we review the sufficiency of the evidence to determine "whether a rational juror could have found the elements of the offense[s] proved beyond a reasonable doubt."  *United States v. Kay*, 513 F.3d 432, 452 (5th Cir. 2007) (internal quotation marks and citation omitted), *cert. denied*, 129 S. Ct. 42 (2008).  The evidence is considered "in the light most favorable to the government, with all reasonable inferences and credibility choices made in support of the jury verdict."  *Id.* (internal quotation marks and citation omitted).

To establish that Hooper possessed a firearm in furtherance of a drug trafficking offense, the Government had to present evidence that the firearm furthered, advanced, or helped forward Hooper's possession of marijuana with the intent to distribute it.  *See United States v. Ceballos-Torres*, 218 F.3d 409, 412-14 (5th Cir. 2000).  The mere presence of a firearm at the scene of drug activity is not sufficient.  *See id.* at 414.  We consider the type of drug activity, the accessibility of the firearm, the type of weapon, whether the weapon is stolen, whether the possession is lawful, whether the weapon is loaded, the weapon's proximity to drugs or drug profits, and the time and circumstances under which the weapon is found.  *United States v. Charles*, 469 F.3d 402, 406 (5th Cir. 2006).

Testimony established that it is common for individuals who distribute controlled substances to possess firearms for security and to keep drugs, cash, and firearms together.  The firearm was readily accessible; Hooper's possession of it was unlawful because he had a prior felony conviction; the firearm was loaded; and it was located on top of the box containing marijuana and cash.  Given this evidence, a rational juror could have found that Hooper's possession of the firearm furthered, advanced, or helped forward the drug trafficking offense.  *See id.*

To prove a felon-in-possession offense, the Government had to establish that Hooper had been convicted of a felony, he possessed a firearm in or affecting

interstate commerce, and he knew he possessed the firearm. 18 U.S.C. § 922(g); *United States v. Ybarra*, 70 F.3d 362, 365 (5th Cir. 1995). Hooper stipulated to the felony and interstate commerce elements of the offense. As to whether Hooper knew he possessed the firearm, evidence of constructive possession is sufficient, and constructive possession may be shown in joint occupancy cases by some evidence "supporting at least a plausible inference that the defendant had knowledge of and access to the weapon or contraband." *Ybarra*, 70 F.3d at 365. Officers testified that a man and a woman lived at the house. The loaded firearm was found on a shoe box on top of a bedroom dresser; a man's T-shirt was on top of the box; and a man's belt buckle and belt were next to the box. The bedroom closet contained male clothing, including several items with Hooper's name on them; the dresser contained male clothing, a glove bearing the name "Dre Hooper," scales, and a warrant notice for Shannon Hooper; there were several pairs of men's shoes on the floor in front of the dresser; and the microwave in the kitchen had the name "Shannon Hooper" written on the bottom. A rational juror could have found beyond a reasonable doubt that Hooper resided in the house and that he had knowledge of and access to the firearm. *See Kay*, 513 F.3d at 452; *see also Ybarra*, 70 F.3d at 365.

To prove possession with intent to distribute drugs, the Government had to show beyond a reasonable doubt: (1) knowledge, (2) possession, and (3) intent to distribute the controlled substance. *United States v. Infante*, 404 F.3d 376, 385 (5th Cir. 2005). The officers smelled a strong odor of marijuana immediately upon entering the bedroom; found Hooper in a closet adjacent to the bedroom; found marijuana and a blunt cigar containing marijuana on the nightstand; and found a shoe box containing 16 individually packaged bags of marijuana and $190 in cash, with a loaded firearm on top of the box. The presence of Hooper's clothing, shoes, and belt next to the shoe box, as well as the marijuana and blunt cigar on the nightstand, indicate that Hooper had knowledge of and access to the

marijuana. *See Ybarra*, 70 F.3d at 365. The marijuana packaging, the loaded firearm, the scales, and the $190 in cash indicate that Hooper intended to distribute the marijuana. *See United States v. Major*s, 328 F.3d 791, 796 (5th Cir. 2003) (holding a rational jury could have found beyond a reasonable doubt that defendant intended to distribute a controlled substance based on its packaging in smaller bags, value, and the proximity of a scale). A rational juror could have found beyond a reasonable doubt that Hooper possessed the marijuana with intent to distribute. *See Kay*, 513 F.3d at 452.

Hooper asserts that the sentence imposed by the district court was greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a); that the district court relied on the factors already taken into account by the Guidelines and did not analyze mitigating factors; and that the presumption of reasonableness of his sentence violates *United States v. Booker*, 543 U.S. 220 (2005). Because Hooper did not raise these arguments in the district court, review is limited to plain error. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). To show plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights. *See id.* If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The record shows that the district court considered the § 3553(a) factors, counsel's arguments, and Hooper's allocution before imposing the minimum Guidelines sentence as well as the mandatory minimum sentence for possession of a firearm by a felon. *See Puckett*, 129 S. Ct. at 1429. Hooper's challenge to the presumption of reasonableness is foreclosed by *Rita v. United States*, 551 U.S. 338, 346-47 (2007). Because the sentence was within the advisory guidelines range, it is entitled to a presumption of reasonableness. *See id.*; *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Hooper has not shown that the district court's imposition of this sentence constituted error, much less plain error.

For the foregoing reasons, we AFFIRM Hooper's convictions and sentence. However, we REMAND this case pursuant to FED. R. CRIM. P. 36 for the limited reason of correcting a clerical error in the judgment on count one, which should properly read "Possession of a Firearm in Furtherance of a Drug Trafficking Crime."