# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 19, 2010

No. 09-40571
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER CONTRERAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:08-CR-257-1

Before REAVLEY, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Javier Contreras was convicted by a jury of conspiracy to possess with intent to distribute marijuana and was sentenced to 262 months of imprisonment and six years of supervised release. Contreras argues that the district court abused its discretion in admitting evidence of his prior conviction in violation of Federal Rules of Evidence 401, 403, and 404(b). He does not dispute that the evidence of his prior conviction is relevant to an issue other than character, and he concedes that this first prong of *United States v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc) is satisfied. He argues that the requirements of Rule 403 are not satisfied because the prejudicial effect of the evidence substantially outweighs its probative value. He also argues that the age of the conviction, 10 years, weakens its probative value. He also argues that the Government failed to present evidence that his prior conviction and the current offense were similar.

Contreras's plea of not guilty to the charge of conspiracy placed his intent at issue for purposes of Rule 404(b). *See United States v. Roberts*, 619 F.2d 379, 382-83 (5th Cir. 1980). The evidence of the prior conviction was probative of his intent. Contrary to Contreras's arguments, the Government did introduce evidence of similarity between the two offenses in terms of the drug, marijuana, the quantity of marijuana, and the fact that he involved family members. The similarity of the offenses was highly probative on the issue of his intent. The district court did not abuse its discretion in concluding that the evidence retained probative value despite the age of the conviction. *See United States v. Gonzalez*, 328 F.3d 755, 760 (5th Cir. 2003) (holding that admission of 1988 conviction to prove knowledge of drugs in 2001 offense was not an abuse of discretion, and noting cases in which 15- and 18-year-old convictions were admitted without an abuse of discretion).

The district court gave instructions to the jury on the limited purpose for which it could use the evidence of Contreras's prior conviction. This mitigated the potential prejudicial effect of the evidence. *See Gonzalez*, 328 F.3d at 760 n.2. The district court did not abuse its discretion in admitting this evidence.

Contreras argues that the evidence was insufficient to support his conviction. He argues that the only evidence was the testimony of two DEA agents who testified about what he had told them. He states that there was no recording or written record of his statements and that there was no evidence that he waived his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), in writing.

The issue of sufficiency is preserved for appellate review. *See United States v. DeLeon*, 247 F.3d 593, 596 n.1 (5th Cir. 2001). This court will uphold the jury's verdict if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). A review of the sufficiency of the evidence does not include a review of the weight of the evidence, since such determinations are within the jury's sole province. *United States v. Myers*, 104 F.3d 76, 78-79 (5th Cir. 1997).

Contreras cites no authority for the proposition that a confession must be written or recorded to be sufficient to support a conviction. The jury was entitled to determine the credibility of and the weight to be given to the agents' testimony about his confessions. He does not make any argument that the substance of his confessions, along with the other evidence, was insufficient to prove his intentional participation in a drug conspiracy.

Contreras's argument about the lack of a written waiver of his *Miranda* rights concerns the admissibility of his confessions and not sufficiency to support the conviction, and he has not challenged the admissibility of his confessions.

AFFIRMED.