# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 17, 2012

Lyle W. Cayce
Clerk

No. 11-51227
Summary Calendar

UNITED STATES OF AMERICA,

                    Plaintiff–Appellee,

v.

ROCHELLE DENISE ERVIN,

                    Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:11-CR-206-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Rochelle Denise Ervin appeals her conviction for conspiracy to possess with intent to distribute 28 grams or more of cocaine base (crack). The drug quantity was alleged in the indictment and the jury was instructed to decide whether the conspiracy involved 28 grams or more of crack. Ervin contends only that the evidence was insufficient to support the jury's finding that the crime involved the charged drug quantity.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-51227

The Government was required only to prove that the entire conspiracy involved 28 grams or more of crack. *See United States v. Turner*, 319 F.3d 716, 722-23 & n.7 (5th Cir. 2003). The record of the trial reveals ample testimony from which a reasonable jury could conclude beyond a reasonable doubt that the conspiracy as a whole involved well over 28 grams and that Ervin herself dealt in 28 or more grams of crack. *See United States v. DeLeon*, 247 F.3d 593, 596 (5th Cir. 2001). Although Ervin argues that certain testimony about drug quantity was unreliable, assessing the weight and credibility of the evidence was the sole province of the jury. *See United States v. Johnson*, 381 F.3d 506, 508 (5th Cir. 2004). The jury was entitled to accept the Government's evidence and to conclude that Ervin's offense involved 28 grams or more of crack. *See id.* The evidence, viewed in the light most favorable to the verdict, was sufficient to establish the charged drug quantity. *See DeLeon*, 247 F.3d at 596. The judgment of the district court is AFFIRMED