# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-50924
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

OCTAVIOUS WILLIAMS,

Defendant–Appellant.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:11-CR-402-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Octavious Williams was convicted by a jury of attempted possession with intent to distribute cocaine and was sentenced to 240 months of imprisonment and 10 years of supervised release. Williams argues that the evidence was insufficient to prove that he attempted to possess with intent to distribute five kilograms or more of cocaine. He contends that the evidence showed that he discussed the purchase of marijuana with the undercover agent and that he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

only had enough cash in his possession to purchase a little more than two kilos of cocaine.

The issue of sufficiency is preserved for appellate review. *See United States v. DeLeon*, 247 F.3d 593, 596 n.1 (5th Cir. 2001). This court will uphold the jury's verdict if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). A review of the sufficiency of the evidence does not include a review of the weight of the evidence or the credibility of the witnesses, since such determinations are within the jury's sole province. *United States v. Myers*, 104 F.3d 76, 78-79 (5th Cir. 1997).

To establish an attempt to possess with intent to distribute, the Government must prove that (1) the appellant acted with the kind of culpability required for the crime of possession with intent to distribute and (2) the appellant engaged in conduct constituting a substantial step toward commission of the crime. *United States v. Redd*, 355 F.3d 866, 872-73 (5th Cir. 2003). Possession with intent to distribute requires that the Government prove "(1) knowing (2) possession of the illicit substance (3) with intent to distribute it." *United States v. Martinez-Mercado*, 888 F.2d 1484, 1491 (5th Cir. 1989) (citations omitted).

Williams does not challenge the fact that he was attempting to purchase a controlled substance. His argument is that he was attempting to buy marijuana, not cocaine. He argues that the evidence does not support his conviction for attempted possession of cocaine because he used a slang term for marijuana, "mota," when he met with Agent Rodriguez, and because he did not bring enough cash to purchase five kilograms or more of cocaine.

The evidence was sufficient to support the jury's verdict because the Government presented testimony and recorded conversations to establish that

Williams was attempting to purchase cocaine. Agent Rodriguez testified that although Williams initially discussed purchasing marijuana, the discussion moved to cocaine, and that Williams sought to purchase cocaine. Agent Rodriguez's testimony is corroborated by the fact that Williams brought $50,000 with him, which is consistent with the price of cocaine at $23,000 per kilogram, rather than marijuana, which costs approximately $395 a pound, as testified to by Agent Rodriguez. Agent Rodriguez and Williams discussed the narcotics to be purchased in terms of kilograms rather than pounds, and Agent Rodriguez testified that cocaine is sold in kilograms while marijuana is sold in pounds. The recorded conversation shows that Williams explained to Agent Rodriguez that he did not have the full amount of money agreed upon because his partners had backed out. During their conversation, Williams expressed the concern that the drugs not be diluted or "reconstituted." Agent Rodriguez testified that marijuana cannot be diluted, while cocaine is often diluted. The code or slangs words used by Agent Rodriguez and Williams support the inference that they were discussing cocaine. In their conversations, Agent Rodriguez and Williams used the terms "cars" and "birds," which Agent Rodriguez and Officer Lacour testified was code or street slang for cocaine. The jury could reasonably infer that they were referring to cocaine. The evidence is sufficient to support the jury's conclusion that Williams was guilty of attempting to possess with intent to distribute cocaine beyond a reasonable doubt. *See United States v. Resio-Trejo,* 45 F.3d 907, 910-11 (5th Cir. 1995).

AFFIRMED.