# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 30, 2020

Lyle W. Cayce
Clerk

No. 20-10119
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JIMMY HATCHETT,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-340-13

Before JOLLY, ELROD, and GRAVES, *Circuit Judges*.

PER CURIAM:[*]

Jimmy Hatchett was convicted by a jury of conspiracy to interfere with commerce by robbery; interference with commerce by robbery; using, carrying, and brandishing a firearm during and in relation to a crime of violence; and two counts of kidnapping. The district court sentenced

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10119

Hatchett to 240 months of imprisonment on the robbery and kidnapping counts to be served concurrently, and 84 months of imprisonment on the firearm count, to be served consecutively, for a total of 324 months of imprisonment; three years of supervised release on each count, to be served concurrently; and restitution in the amount of $370,718.72.

First, Hatchett argues that the district court erred in applying the obstruction of justice enhancement in U.S.S.G. § 3C1.1 because the Government did not show that he had the intent or mens rea to obstruct the proceedings. He contends that because he was arrested four years after the robbery, he was merely contacting family members to see if he had an alibi for the day of the robbery in order to mount a defense.

Attempting to suborn perjury is an example of conduct to which the enhancement applies. § 3C1.1, comment. (n.4(B)). A district court's determination that a defendant has obstructed justice is a factual finding reviewed for clear error. *See United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008). A defendant's "right to present witnesses in his own defense does not encompass a right to suborn perjury." *United States v. Lowder*, 148 F.3d 548, 553 (5th Cir. 1998). According to the probation officer's account of the contents of recorded conversations Hatchett had with family members while he was incarcerated, he discussed his brother Robert providing an alibi for him for the day of the robbery, he was very careful of what he said because he knew the conversations were recorded, and he stated that "all he could get is a perjury charge." Based on these and all the facts in the presentence report supporting the obstruction enhancement, the district court could infer that Hatchett was attempting to get Robert to provide a false alibi for him, and the district court's application of the obstruction enhancement was "plausible in light of the record as a whole." *Juarez-Duarte*, 513 F.3d at 208-09. Hatchett has not shown that the

district court's finding that he obstructed justice by attempting to suborn perjury constituted clear error. *Lowder*, 148 F.3d at 553.

Next, Hatchett argues that the district court erred in failing to grant his motion for judgment of acquittal on all counts because the evidence was insufficient.  His challenge to the sufficiency of the evidence focuses solely on whether he was one of the seven men who robbed the jewelry store and kidnapped the owners.  Hatchett's motions for a judgment of acquittal preserved this issue for review.  *See United States v. DeLeon*, 247 F.3d 593, 596 and n.1 (5th Cir. 2001).

The evidence, both direct and circumstantial, is viewed "in the light most favorable to the jury verdict," and "[a]ll credibility determinations and reasonable inferences are to be resolved in favor of the verdict."  *United States v. Resio-Trejo*, 45 F.3d 907, 910-11 (5th Cir. 1995).  A review of the sufficiency of the evidence does not include a review of the weight of the evidence or the credibility of the witnesses, *United States v. Myers*, 104 F.3d 76, 78-79 (5th Cir. 1997), since such determinations are within the jury's sole province, *United States v. Moton*, 951 F.3d 639, 643 (5th Cir. 2020).

When an accomplice testifies that a defendant was a participant in a crime, that testimony is sufficient to sustain a conviction "even if the witness is interested due to a plea bargain or promise of leniency, unless the testimony is incredible or insubstantial on its face."  *See United States v. Bermea*, 30 F.3d 1539, 1552 (5th Cir. 1994) (citations omitted).  The Government introduced and the jury was able to view surveillance video of the crime, and two codefendants identified Hatchett on the video and described his role in the robbery.  They testified that Hatchett travelled with the robbers to Dallas from Houston; Hatchett participated in the robbery; he entered the jewelry store with a firearm; two robbers handcuffed the store owners at gunpoint with zip ties, while Hatchett stayed by the door with a gun to guard the door;

No. 20-10119

Hatchett removed jewelry from the case; and Hatchett travelled with the other robbers from Dallas back to Houston. Hatchett also met with the other robbers at a Houston strip club to divide the jewelry for sale. The testimony of the codefendants was corroborated by the other evidence. The Government introduced cell-phone records that showed Hatchett was in contact with the other conspirators before, during, and after the robbery. The Government also introduced Hatchett's Facebook posts before and after the robbery. The night before the robbery, Hatchett sent a message to his girlfriend that he was going out of town and suggested he may not return if all did not go well. The day after the robbery, Hatchett posted a photograph of a bag containing what appeared to be a large stack of cash with a happy birthday message for his girlfriend.

Hatchett's attacks on the two cooperating witnesses is based on their credibility, and the jury found them credible, which we cannot review. *Moton*, 951 F.3d at 643; *Myers*, 104 F.3d at 78-79. Looking at the evidence in the light most favorable to the jury verdict, the evidence was sufficient to establish that Hatchett was one of the individuals who robbed the jewelry store and kidnapped its owners. *Resio-Trejo*, 45 F.3d at 910-11.

Finally, Hatchett argues that the district court erred in failing to grant his motion for judgment of acquittal on the kidnapping counts because the evidence was insufficient to prove that he committed the separate offense of kidnapping. He contends that the evidence does not show an intent to confine or restrain the victims longer than necessary to complete the robbery, and that the record demonstrates that the confinement of the victims was entirely incidental to the robbery rather than a separate act of kidnapping.

Hatchett's codefendant raised this identical argument on appeal, that the federal kidnapping statute, 18 U.S.C. § 1201(a)(1), required more than a brief, incidental restraint of the jewelry store owners as part of the robbery.

4

No. 20-10119

*United States v. Anderson*, No. 19-10641, 2020 WL 3549859, 3 (5th Cir. Jun. 30, 2020) (unpublished).  We affirmed Anderson's kidnapping convictions, holding that "[b]ecause a jury could reasonably conclude that all the elements of § 1201(a)(1) were satisfied, the district court correctly denied Anderson's sufficiency-of-the-evidence claim." *Id.*

AFFIRMED.