# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2020

Lyle W. Cayce
Clerk

No. 19-11152
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SEAN PAUL DALKA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:19-CR-27-2

Before HAYNES, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:*

A jury convicted Sean Paul Dalka of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, possession with intent to distribute 50 grams or more of methamphetamine, possession of a firearm in furtherance of a drug trafficking crime, and

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

possession of a firearm by a convicted felon.  The district court sentenced him to an aggregate term of 420 months of imprisonment and five years of supervised release.  Dalka challenges the sufficiency of the evidence on his conspiracy conviction alone.

To convict on a drug conspiracy charge, the Government must prove beyond a reasonable doubt that (1) an agreement existed between two or more persons to violate federal narcotics laws, (2) the defendant knew of that agreement, (3) he voluntarily participated in that agreement, and (4) the conspiracy involved at least the amount of the substance proscribed by the applicable statute.  *See United States v. DeLeon*, 247 F.3d 593, 596 (5th Cir. 2001).  Because Dalka did not move for a judgment of acquittal, we review for plain error.  *See United States v. Delgado*, 672 F.3d 320, 329-31 (5th Cir. 2012) (en banc); *see also* Fed. R. Crim. P. 29(a), (c).

Dalka has failed to show a clear or obvious error because the record is replete with evidence that he engaged in a criminal conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, and that evidence is not tenuous.  *See Delgado*, 672 F.3d at 331.  At Dalka's home, investigators found over 400 grams of methamphetamine, a large amount of cash, five firearms and ammunition of various types and calibers, and a security system with surveillance cameras.  While in jail, Dalka made several phone calls incriminating himself and a co-conspirator.  That co-conspirator had free access to Dalka's home, and Dalka's fingerprints were found on narcotics packaging recovered from the co-conspirator's residence.  This circumstantial evidence formed a sufficient basis for the jury to infer that Dalka and the co-conspirator entered a voluntary and knowing agreement to violate federal narcotics laws.  *See United States v. Akins*, 746 F.3d 590, 604 (5th Cir. 2014).

The judgment is AFFIRMED.