# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 24, 2010

No. 09-40714
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANGEL WILFREDO PONCIANO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-171-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Angel Wilfredo Ponciano appeals his conviction and sentence for possession with intent to distribute more than 100 kilograms of marijuana. He challenges the sufficiency of the evidence supporting a finding of guilty knowledge. As Ponciano moved for a judgment of acquittal at the close of the Government's case and again at the close of all the evidence, we review his claims de novo. *United States v. DeLeon*, 247 F.3d 593, 596 & n.1 (5th Cir. 2007). Thus, we consider the evidence "in the light most favorable to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

government with all reasonable inferences and credibility choices made in support of a conviction." *United States v. Anderson*, 559 F.3d 348, 353 (5th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 129 S. Ct. 2814 (2009). "[I]f the evidence would permit a rational fact finder to find every element of the evidence beyond a reasonable doubt, [this court] must affirm." *Id.*

Because the drugs were concealed within the shipment of avocados in Ponciano's trailer, knowledge may not be inferred solely from Ponciano's control of the vehicle in which the drugs were found; additional circumstantial evidence demonstrating guilty knowledge is needed. *United States v. Pennington*, 20 F.3d 593, 598 (5th Cir. 1998). There was sufficient circumstantial evidence of Ponciano's guilty knowledge. Ponciano provided inconsistent answers to agents regarding the number of trips he had made since beginning his employment with Eagle Express. *See United States v. Casilla*, 20 F.3d 600, 606 (5th Cir. 1994). The fact that Ponciano provided alternative explanations for the reasons that his trucking log book did not coincide with his own assertion of his actions on the evening before and the morning of his arrest does not establish nearly equal evidence of guilt and innocence. *See United States v. Sandlin*, 589 F.3d 749, 754 (5th Cir. 2009), *cert. denied*, 176 L. Ed. 2d 416 (2010). Additionally, Ponciano's implausible story about his trip to New Jersey mere days before he commenced transporting the shipment of avocados to the Northeast could be considered by the jury as evidence of Ponciano's guilt. *See Pennington*, 20 F.3d at 598 (evidence of a circuitous route and the timing of the trip supported the jury's finding of guilt).

Additionally, the value of the marijuana seized from Ponciano's vehicle, approximately $886,800, rendered it reasonable for the jury to deduce that he "would not have been entrusted with that extremely valuable cargo if he was not part of the trafficking scheme." *United States v. Villarreal*, 324 F.3d 319, 324

2

(5th Cir. 2003).   To believe Ponciano's version of the story,[1] one would have to believe that such a large quantity of drugs was placed in his truck while he was "doing the paperwork" at the cold storage facility or while he lay sleeping in an unknown motel he happened upon in his travels.  The former story was rebutted by extensive evidence of the amount of surveillance at the cold storage facility making surreptitious placement of such a large quantity of drugs implausible. The latter story requires believing the implausible notion that some unknown passerby fortuitously happened upon Ponciano's truck (at a motel  Ponciano could not even name the next day) and entrusted him – sight unseen and destination unknown – with nearly one million dollars worth of drugs.  Neither story is plausible or "nearly equal evidence" of innocence with that supporting guilt.  Viewing the evidence in the light most favorable to the verdict, we conclude that a reasonable jury could have found that Ponciano knew he was transporting drugs. *See Pennington*, 20 F.3d at 598.

Ponciano also argues that, in light of the Supreme Court decisions in *Flores-Figueroa v. United States*, 129 S. Ct. 1886 (2009), the evidence was insufficient to support his conviction because it did not establish that he knew the specific type and quantity of controlled substances he possessed.  He also contends that the district court erred by failing to instruct the jury that it had to find that he knew the particular quantity of marijuana he possessed.  This issue is foreclosed by current circuit precedent, *see United States v. Gamez-Gonzalez*, 319 F.3d 695, 699-700 (5th Cir. 2003) (holding that knowledge of drug type or quantity is not an element of an offense under 21 U.S.C. § 841), which has not been overruled by *Flores-Figueroa. See United States v. Betancourt*, 586

---

[1] Ponciano testified that he picked up a delivery of avocados at a cold storage facility; he watched the loading of the truck and then, towards the end of it went to the office to "do paperwork."  He left the facility, went to a motel, slept, and set out the next morning whereupon he was apprehended by border agents.

F.3d 303, 308-09 (5th Cir. 2009), *cert. denied*, 176 L. Ed. 2d 390 (2010).  The judgment of the district court is thus AFFIRMED.