# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 30, 2013

Lyle W. Cayce
Clerk

No. 12-51128
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BLANCA JOSEFINA RONQUILLO-CORRALES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:12-CR-149-2

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Blanca Josefina Ronquillo-Corrales was convicted by a jury of three counts of aiding and abetting the unauthorized access of a protected computer in furtherance of fraud in violation of 18 U.S.C. § 1030(a)(4). She was sentenced to 11 months of imprisonment and three years of supervised release, and she was ordered to pay restitution in the amount of $37,763.67. Ronquillo-Corrales argues that the district court erred in denying her motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 because the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence was insufficient to support her conviction. She contends that the record is full of references that she had no knowledge of what her co-defendant Jose Maria Delbosque was doing.

At the close of the Government's case, Ronquillo-Corrales moved for a judgment of acquittal, which the district court denied. She did not introduce any evidence or call any witnesses. Thus, the issue of sufficiency of the evidence is preserved for appellate review. *See United States v. DeLeon*, 247 F.3d 593, 596 n.1 (5th Cir. 2001). We will uphold the jury's verdict if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). The evidence, both direct and circumstantial, is viewed "in the light most favorable to the jury verdict," and "[a]ll credibility determinations and reasonable inferences are to be resolved in favor of the verdict." *United States v. Resio-Trejo*, 45 F.3d 907, 910-11 (5th Cir. 1995). The credibility of the witnesses and the weight of the evidence is exclusively for the jury to decide, not for this court on review. *United States v. Garcia*, 995 F.2d 556, 561 (5th Cir. 1993).

Ronquillo-Corrales was charged with and the jury found her guilty of three counts of aiding and abetting the unauthorized access of a protected computer for fraudulent purposes pursuant to § 1030(a)(4). In order to prove an individual guilty of aiding and abetting, the prosecution must prove (1) that the elements of the substantive offense occurred; (2) that the defendant associated with the criminal venture; (3) that the defendant purposefully participated in the criminal venture; and (4) that the defendant sought by her actions to make the criminal venture successful. *United States v. Moore*, 708 F.3d 639, 649 (5th Cir. 2013). "[I]t is not necessary to prove the defendant had knowledge of the particular means by which the principal in the crime would carry out the criminal activity." *United States v. Westbo*, 746 F.2d 1022, 1025 (5th Cir. 1984). For the association element, the prosecution must show that Ronquillo-Corrales

shared in the principal's criminal intent. *United States v. Percel*, 553 F.3d 903, 911 (5th Cir. 2008). Ronquillo-Corrales does not challenge the sufficiency of the evidence that the substantive offense occurred, nor her participation in it. She challenges the sufficiency of the evidence showing that she had knowledge that what Delbosque was doing was criminal.

Despite Delbosque's testimony attempting to suggest that Ronquillo-Corrales was not fully aware of what he was doing, the jury was free to reject this testimony as not credible in light of the other evidence in the record showing that Ronquillo-Corrales was aware of the criminal nature of his activities. By her own admission to Sergeant Byrne, Ronquillo-Corrales admitted that once she overheard Delbosque's conversations with customers, she figured out that he was engaged in criminal activity. Delbosque's letter to his attorney, in which he stated that "she had given way too much information from one of her interviews with these idiots" confirms that Delbosque was less than truthful in his attempt to avoid "implicating [his] co-defendant." Delbosque testified that "[Ronquillo-Corrales] understood that I went out and had my key and I turned the switch and I had people come in and, you know, fill up. And I would give her, you know, prices, gallons. She understood that." When discussing their contact with Scott Taylor on January 3, 2011, when Taylor chased their vehicle at high speed, Delbosque said that Ronquillo-Corrales was "scared out of her mind" and "wanted to stop doing what [they] were doing." This evidence supports the jury's inference that Ronquillo-Corrales was aware of the criminal nature of Delbosque's activities.

The prosecution corroborated Ronquillo-Corrales's admission of conscious association with circumstantial evidence from which the jury could reasonably infer that she knowingly associated with the criminal venture. The Government presented evidence that Ronquillo-Corrales was present for the three thefts by Delbosque's testimony, Ronquillo-Corrales's cell phone records, and video surveillance showing that Ronquillo-Corrales was at the scene. The Government

presented Ronquillo-Corrales's hand written notes calculating and recording the amount of money that each customer owed.  Sgt. Byrne testified that Ronquillo-Corrales was able to identify the phone numbers of customers and the tools that Delbosque used to break into the FMU fuel pumps.  Such specific knowledge concerning Delbosque's operation further supports the jury's inference that Ronquillo-Corrales knowingly took action to further Delbosque's criminal scheme.

The evidence was sufficient to allow the jury to conclude beyond a reasonable doubt that Ronquillo-Corrales was guilty of aiding and abetting the unauthorized access of a protected computer in furtherance of fraud.  *See Jackson,* 443 U.S. at 319.

AFFIRMED.