# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-20579
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 1, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ANDREA MICHELLE TELLISON,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-167

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Andrea Michelle Tellison claims the evidence was insufficient to support her jury-trial convictions for: 14 counts of health-care fraud, in violation of 18 U.S.C. §§ 1347 and 2 (aiding-and-abetting liability); and, seven counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A.

Tellison preserved her sufficiency claims because she moved for judgment of acquittal at the close of the Government's case and rested without

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-20579

introducing any evidence. *See United States v. DeLeon*, 247 F.3d 593, 596 n.1 (5th Cir. 2001). Accordingly, her claims are reviewed *de novo*, "view[ing] all evidence . . . in the light most favorable to the [G]overnment, with all reasonable inferences and credibility choices to be made in support of the jury's verdict". *United States v. Grant*, 683 F.3d 639, 642 (5th Cir. 2012) (quoting *United States v. Ford*, 558 F.3d 371, 375 (5th Cir. 2009)). "The evidence presented need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." *United States v. Imo*, 739 F.3d 226, 235 (5th Cir. 2014) (internal quotation marks omitted) (quoting *United States v. Moreno-Gonzalez*, 662 F.3d 369, 372 (5th Cir. 2011)).

To prove health-care fraud, the Government must establish, beyond a reasonable doubt, that Tellison

> knowingly and willfully execute[d], or attempt[ed] to execute, a scheme or artifice[ ] (1) to defraud any health care benefit program; or (2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program, in connection with the delivery of or payment for health care benefits, items, or services.

*Id.* at 235–36 (quoting 18 U.S.C. § 1347). The Government need not prove that Tellison either submitted fraudulent documentation or "had actual knowledge of or specifically intended to violate the applicable health care fraud statutes". *Id.*

For aiding-and-abetting liability, "the Government must establish [, beyond a reasonable doubt,] that (1) the elements of [health-care fraud] occurred and (2) [Tellison] associated with the criminal activity, participated in it, and acted to help it succeed". *United States v. Barnes*, 803 F.3d 209, 216 (5th Cir. 2015).

No. 14-20579

Tellison does not dispute that Texas Durable Medical Company, which she co-owned and managed, defrauded Medicare and Medicaid by submitting claims for enteral nutrition and feeding supplies that were not: prescribed by a physician; medically necessary; or delivered to beneficiaries. Instead, she contends the Government has not established she: submitted the fraudulent claims; assisted another person in doing so; or knew of them.

For the following reasons, and viewing the evidence in the requisite light most favorable to the Government, sufficient evidence established that Tellison knowingly and willfully defrauded Medicare and Medicaid, or aided and abetted others in doing so. The Government established, *inter alia*: Tellison's signature was on forms falsely certifying beneficiaries needed enteral nutrition; Tellison admitted to investigators that she knew Texas Durable was billing Medicare and Medicaid for items that were neither medically necessary nor being delivered to beneficiaries; and Tellison admitted she was responsible for the company's daily activities, including its billing.

Moreover, Tellison's knowledge and intent to defraud Medicare and Medicaid could have been inferred from her position of authority at Texas Durable. *See United States v. Willett*, 751 F.3d 335, 339–42 (5th Cir. 2014). The Government presented evidence that, in addition to being a co-owner and manager of Texas Durable, Tellison: was listed as the company's authorized representative and contact person on Medicare forms, bank accounts, and suppliers' records; was present during several on-site inspections; was responsible for ensuring the company complied with state and federal laws; and had extensive knowledge of the billing codes for enteral nutrition and feeding supplies.

Concerning her identity-theft convictions (Texas Durable's knowingly and unlawfully using physicians' unique identification numbers to submit the

No. 14-20579

fraudulent claims to Medicare and Medicaid), Tellison asserts only that, because there was no evidence she committed health-care fraud, the evidence was, therefore, insufficient to support her convictions for aggravated identity theft. But, as discussed *supra*, the evidence was sufficient to sustain those convictions. In any event, Tellison does not provide factual or legal analysis to support her claim. Consequently, she has abandoned her challenge due to inadequate briefing. *United States v. Cothran*, 302 F.3d 279, 286 n.7 (5th Cir. 2002).

AFFIRMED.